VIRGINIA A. CAVAGNARO and ROSA L. CAVAGNARO

*v.*

INDIAN TIRE AND RUBBER COMPANY, a corporation.

[Decided May 20th, 1919.]

1. After the issuance of an injunction under the statute enjoining a corporation, its directors and officers from exercising any of its privileges and franchises, directors who meet and pass a resolution authorizing the filing of a voluntary petition in bankruptcy and officers who execute such a petition are guilty of contempt.

2. That directors and officers who perform acts in violation of an injunction of this court acted upon advice of counsel is no excuse.

3. The effect of the appointment of a receiver and the award of the statutory injunction is to take from those who previous thereto were officers and directors of the corporation their power to act as such and to confer upon the receiver the right to exercise all of their powers and privileges.

4. Acts performed and instruments executed after the appointment of a receiver and the award of the statutory injunction are as if performed by strangers and are in nowise binding on the corporation, nor are they corporate acts.

5. A receiver appointed by this court of an insolvent corporation may not turn over assets to a receiver appointed by another court without consent of this court.

6. Where it appears that after the award of the statutory injunction and the appointment of a receiver, officers and directors of a corporation have authorized and executed a petition in bankruptcy which has been filed and that the corporation is not insolvent within the meaning of the Bankrupt act, the receiver of this court will be directed to appear in the federal court and move to strike from the files the petition upon

the ground that those purporting to act as directors had no power to act as such and that their acts are in no respect binding on the corporation, and the acts, the resolution and proceedings being in violation of the order of a court of competent jurisdiction they must be considered as void.

7. That a receiver may so appear and not submit in any other particular to the jurisdiction of the federal court seems to be settled by the federal cases.

8. Where it is represented that upon a voluntary petition in bankruptcy filed by officers and directors of a corporation acting in violation of the orders of this court, which acts are not binding upon the corporation, the referee in bankruptcy appointed a receiver, and it is represented that such appointment is contrary to the general practice of the federal courts in this district, the receiver of this court will be directed to apply to the judges of the federal court to vacate the order appointing the receiver and will be directed until such application can be made to retain control of the assets.

On bill, &c.

*Mr. Elgin L. McBurney,* receiver *pro se.*

*Messrs. Bilder & Bilder* (*Mr. Samuel Kaufman* and *Mr. David H. Bilder*), for the receiver.

*Mr. Russell E. Watson,* for the directors.

LANE, V. C.

This is the return of an order to show cause addressed to creditors and stockholders why a receiver of defendant corporation should not be continued or some one substituted in his place. On May 9th, 1919, the corporation was adjudged insolvent and a receiver appointed under the statute. The statutory injunction order enjoined the corporation, its officers and agents, from exercising any of its privileges or franchises, and from collecting or receiving any debt or paying out, selling, assigning or transferring any of its estate, money, &c., except to a receiver appointed by this court, which order was, before the performance of the acts hereinafter mentioned, served upon, or brought to the knowledge of the officers and directors. No objection is made to the personnel of the receiver. It is represented to the court by the receiver that he has been informed

that on May 16th the directors of the company held a meeting and adopted a resolution authorizing the officers to file a voluntary petition in bankruptcy and that thereupon there was prepared, in the name of the corporation, a voluntary petition which was executed on behalf of the corporation by the vice-president and treasurer and attested by the secretary, which petition was filed in the office of the clerk of the United States district court on May 17th, and that such proceedings were had upon the petition that on the same day an order was made adjudging the defendant bankrupt and referring the matter to Adrian Lyon, Esq., one of the referees of the court, and that the referee on May 19th appointed a receiver. Mr. Watson appears for the directors, and concedes that the facts are as above stated; and informs the court that the proceedings were taken in accordance with his advice. The custody of the property has not been changed and the receiver appointed by this court is in possession. This is a case in which the officers and directors of the corporation should be called upon to show cause why they should not be punished for contempt. The injunction forbade the officers and directors exercising any of their powers. *In re Hudson River Electric Power Co., 173 Fed. Rep. 934,* the court said that the act of the directors of a corporation, who had been enjoined by the United States circuit court in an equity suit from commencing or prosecuting any proceedings "involving in any way the property or property rights of the corporation, or incumbering or embarrassing the same," in adopting a resolution consenting to an adjudication in bankruptcy was a contempt. This case was affirmed by the circuit court of appeals in *183 Fed. Rep. 701,* although mention of this particular subject-matter was not made. The act of the officers of the company, which had the effect, if successful, of a transfer of all of its assets, is a clear violation of the injunctive order of this court and a contempt. It is said that this court has no power to enjoin a party from seeking relief in the federal courts. That may be so, but this court has power to enjoin certain individuals from acting as officers or agents of a corporation and from exercising the rights and privileges of a corporation, and that this court had at the time the acts were performed, done.

It is further urged that the officers and directors acted under the advice of counsel. Advice of counsel cannot be considered as excusing a contempt although it may be considered in mitigation of sentence. *13 Corp. Jur. tit. "Contempt" 43, § 57,* and New Jersey cases cited, and see *In re Bowers, 89 N. J. Eq. 307.*

The receiver is directed to apply to the United States district court to vacate the order appointing a receiver and to strike out the petition upon the ground, among other things, that the acts of the officers, or those pretending to exercise the rights of officers, of the corporation, were not binding upon the corporation and represented no corporate act.

The receiver, as I understand the law, is entitled to be heard in the district court. *In re Gold Run Mining and Tunnel Co., 200 Fed. Rep. 162; Rosenbaum* y. *Dutton, 203 Fed. Rep. 838; Blair* v. *Brailey (Circuit Court of Appeals for the Fifth Circuit), 221 Fed. Rep. 1.*

It is uniformly held that a board of directors may file or authorize the filing of a voluntary petition or may execute or direct the execution of a voluntary admission of insolvency, but it is stated in all of the cases that I have had an opportunity to examine that the authority exists only if not prohibited by statute or by-laws. It seems to me that the effect of our statute, upon the appointment of a receiver, vesting in him the privileges and franchises of the corporation and the right to act for the corporation, is a prohibition by statute against such acts as the directors took in this case. The effect of our statute has been considered by Vice-Chancellor Stevenson in *Singer* v. *National Bedstead Mfg. Co., 65 N. J. Eq. 290; Gallagher* v. *Asphalt Co., 65 N. J. Eq. 258; Elm* v. *International Steam Pump Co.* (not yet reported), and by me in *Hitchcock* v. *American Pipe and Construction Co., 89 N. J. Eq. 440;* and *Michel* v. *Necker, 90 N. J. Eq. 171.* By force of the statute, so far as ability to act for the corporation is concerned, those who, at the time of the appointment of the receiver and the issuance of the injunction were officers and directors ceased to be such. Whatever acts they performed are not binding upon the corporation. In *Bissell* v. *Besson, 47 N. J. Eq. 580,* Vice-

Chancellor Van Fleet held that a mortgage executed after the award of the statutory injunction was void. It may well be claimed that the paper writing purporting to be executed by the officers of the company is no more the act of the corporation than if it had been executed by total strangers. In Re Hudson. River Electric Power Co., supra, the court held that the resolution adopted by the board of directors confessing the inability of the corporation to pay its debts and signifying a willingness to be adjudicated a bankrupt on that ground, was not only in contempt of the order of the circuit court issued in an equity suit but that it was void. Although Remington says that this case is not well reasoned, it was affirmed by the circuit court of appeals in 188 Fed. Rep. 701, only, however, upon one branch, but without criticism of anything that the district court judge had said, and it has been cited in at least six subsequent federal cases without criticism. So that it would seem that, on two grounds, it may be claimed that the resolution of the board of directors is void and not binding upon the corporation, first, because by operation of the statute and of the injunction those purporting to act as directors had no power to act as such and their acts are in no respect binding on the corporation; second, because the resolution having been adopted in violation of the order of a court of competent jurisdiction it must be considered as void. The receiver will be directed to appear in the federal court for the purpose of moving to quash the proceedings hereinbefore referred to, but he will not submit to the jurisdiction in any other particular. That an appearance for the purpose aforesaid is not a submission is settled in Blair v. Brailey, supra.

I am advised that the bill of complaint filed in this court did not indicate a condition of insolvency as defined by the Bankruptcy act, and that the voluntary petition filed in the federal court did not indicate such a condition. While, of course, if the case is one in which the federal district court has jurisdiction this court will, under no circumstances, put, or permit to be put, any obstruction in the way of the exercise of that jurisdiction, if, on the contrary, the case is one in which the bankruptcy court has no jurisdiction, it is the duty of this

court to administer the affairs of this insolvent corporation. If the bankruptcy court would have jurisdiction on a voluntary petition notwithstanding the corporation be not bankrupt (a matter I do not consider) inasmuch as the receiver of this court has been substituted for the officers and directors with all their powers, it seems to be to be the privilege of the receiver and of this court to determine whether such a petition should be filed, precisely as it is the privilege of a board of directors in office at the time the petition is filed and not the privilege of a board, the terms of office of the members of which have expired, or whose powers have been taken away.

It is the privilege and duty of the district court to determine whether it had jurisdiction or not. By the course which the proceedings took in the federal court, that court has not yet had an opportunity to determine whether it has or has not jurisdiction. There has been no hearing. If the receiver is convinced that the corporation is not insolvent within the meaning of the Bankruptcy act and is not subject to the jurisdiction of the bankrupt court, he should have the permission of this court to report such facts to the bankruptcy court and to apply to that court for leave to intervene and file such answer or take such other steps as he may be advised is proper and he has that permission. The case is different from that of *Singer* v. *National Bedstead Co.*, in which Vice-Chancellor Stevenson permitted the turning over of the assets to the federal trustee without a determination as to the merits. In that case there were no parties appearing objecting and in order to save needless expense to creditors, the vice-chancellor permitted the turn over. Here there is objection.

The receiver also asks for instructions as to what he should do as to turning over the assets to the federal receiver if demand be made therefor. I understand that the rule in the district court in this district has been not to appoint a receiver in a case where a state receiver is in control, not only because of a feeling of comity, but because, under the Bankrupt act, the district court cannot appoint a receiver except it be absolutely necessary for the preservation of the estate, and the courts here have

held as matter of law that, where there is a receiver in charge appointed by a court of competent jurisdiction and no extraordinary circumstances present, which would indicate that the court and its officials are not acting properly and in good faith, there is no absolute necessity and therefore no jurisdiction. In no event may the receiver of this court turn over the assets to the federal receiver until he shall have had his administration of the affairs of the corporation passed upon by this court, his accounts settled and an allowance made, &c. *Cudahy Packing Co.* v. *New Jersey Dairy Products Co.* (not yet reported) ; *Kennedy* v. *American Tanning Co., 81 N. J. Eq. 109.* If the receiver be at this time directed to turn over the assets to the federal receiver it will merely mean extra expense to the estate; not only will the receiver in this court be entitled to his compensation, but also the receiver in the federal court as well as the trustee in the federal court. It seems to me that not only should the receiver of this court refuse at this time to turn over the assets to the federal receiver but he need not make formal application to this court for instruction to do so, until the question of the appointment of the receiver by the federal court has been passed upon by one of the judges of that court.

It may be argued that the case of *In re Yaryan Naval Stores Co., 214 Fed. Rep. 563,* is authority for the proposition that the act of the directors, although in contempt of the state court, still is effective to confer jurisdiction upon the court in bankruptcy. In that case the district court based its conclusion upon the fact that the order of the state court properly interpreted contained nothing which indicated an intention to prohibit due application being made to the appropriate bankruptcy court. The situation in that case was different from that here present. In that case, as I gather from the opinion, the injunction of the state court was merely against interference with the duties of the receiver and against the institution or prosecution of any suits, &c., against the stores company without the order or permission of the state court. It seems that construing this injunction the circuit court of appeals for the sixth circuit interpreted it differently than it would have been interpreted by the

court speaking in *Re Hudson River Electric Power Co.,* which case was not referred to by the sixth circuit, but however that may be, in this case the injunction enjoins the officers and agents of the company from acting as such. As I have before indicated, the injunction, taken in connection with the statute, is tantamount to a removal of the particular persons from the positions which they, at the time the injunction was issued, occupied in the corporation. The corporation still has its privilege of seeking relief in the bankruptcy court but the only officer who can set in motion the proceedings, who can act for the corporation, is the receiver appointed by this court in whom reside all the powers formerly exercised by various individuals. Cases intimating that the act of a state court in appointing a receiver on the ground of insolvency, being an act of bankruptcy, may be disregarded by the federal court, are without application because the receiver in this case was not appointed on the ground of insolvency within the meaning of insolvency as used in the Bankruptcy act, nor was the corporation bankrupt. Creditors could not file a petition against it. Only by the method which was pursued could any apparent jurisdiction be conferred on the federal court. I will point out here that it seems to me at this time that the proper course for the parties to have pursued would have been to have applied to this court for permission to file the petition, or for leave to permit the officers to act, in which event, had leave been given, they would have acted as mere agents of the receiver. It needs no stretch of my imagination for me to conceive of a case in which this court would direct its receiver to file a voluntary petition in bankruptcy on behalf of the estate. It is clear to me that no one had authority to act for this corporation save the receiver and this court. Cases from other states under other statutes, particularly cases involving receivers of assets as distinguished from receivers of corporations are without application. The receiver in this case is the corporation plus, he is the statutory successor of its officers, in him are vested all its rights. He is an independent *ego.* *Hitchcock* v. *American Pipe and Construction Co., supra,* and cases cited.

[Filed May 23d, 1919.]

LANE, V. C. (orally).

The order will be discharged as to the director Adelbert Hauschild, it appearing that he did not in anywise participate in the alleged contemptuous conduct. Counsel does not now argue that the acts committed by the directors were not in violation of the orders of this court. The excuse offered by the directors is that they acted upon advice of counsel. It appears that they knew that what they proposed to do might be in violation of the order of this court. Counsel examined certain cases and came to the conclusion that the proposed act of the directors would not be a contempt and fortified his opinion by asking the advice of the referee in bankruptcy. I have no doubt but that both counsel and the directors acted *bona fide*. It is almost needless to point out that this court cannot accept, under the circumstances of this case, the excuse, for what I held to be a gross contempt, that it was committed under advice of counsel. This court ordinarily acts only *in personam* and to accept such an excuse would be to paralyze it. The rule that advice of counsel will not be accepted does not work any particular hardship in this case. The parties knew that they might be in contempt. This court was open to them at all times as well as to their counsel. If they elected to rely upon advice of counsel, reinforced by advice of the referee in bankruptcy, rather than to apply direct to this court, they must stand the consequences. See *6 Rul. Cas. L. tit. "Contempt" § 14; In re Bowers, 89 N. J. Eq. 307; Seastream v. New Jersey Exhibition Co., 61 Atl. Rep. 1045; 13 Corp. Jur. tit. "Contempt" p. 43, § 57,* and cases cited; *McKillopp v. Taylor, 25 N. J. Eq. 139; Cape May, &c., v. Johnson, 35 N. J. Eq. 422; West Jersey Traction Co. v. Camden, 58 N. J. Law 536.* I might add that it appears that in order to perfect the petition in bankruptcy the seal of the corporation and the minute book were removed from the possession of the receiver, without his knowledge or consent.

The respondents will be adjudged guilty of contempt. I will not at this time fix the punishment.