[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 109 
Appellant sought the following relief in the Chancery Division of the Superior Court under the decree nisi entered in this action in November, 1946: (1) suspension of the decretal provisions for payment to plaintiff of $20 per week for support of their son and daughter (now aged ten and fifteen years respectively) for a period of about nineteen weeks from April 23, 1947, to September 5, 1947, when he was incarcerated for failure to pay the decreed support; (2) he asked that credit be given him upon arrears under the decree for support, costs and counsel fees from his alleged interest in the cash surrender value of two policies of insurance upon his life which were in plaintiff's possession; and (3) he requested an order from the court directing plaintiff to comply with the terms of the decree granting defendant visitation with his children. Defendant's application was a counter to plaintiff's motion to (1) hold defendant in contempt for failure to pay an arrearage under the decree nisi; (2) for an allowance of alimony or for an increase in the amount of support for the children; and (3) for a direction *Page 110 
that defendant not make further payments under the decree by check. The motions were heard together, upon defendant's and plaintiff's affidavits and the latter's oral examination. The court denied the relief sought by defendant, and as well refused to hold defendant in contempt, or to charge him with alimony or increased support, or to make any direction concerning the manner of payment under the decree, but did confirm the support allowance in the decree nisi and adjudicated the arrearages of support and counsel fees and costs to March 21, 1949, at $885 and $626.66, respectively, and directed that defendant, in addition to the support allowance, pay to plaintiff weekly the sums of $3 and $2 respectively, upon those arrearage accounts.
Defendant appeals solely from the judgment denying his motion, and upon the ground that the denial constituted an abuse of discretion. He argues that under our statute governing alimony and support for children in divorce suits not only are such allowances committed to judicial discretion, but that as well the modification, enforcement and collection of awards under said orders are always under the court's control even to the extent of past due installments of alimony and support for children. It is not disputed that Duffy v. Duffy, 19 N.J. Misc. 332, 19 A.2d 236 (Ch. 1941), and Madden v. Madden, 136 N.J. Eq. 132
(E. A. 1945), are authority for the general principle that under our divorce statute past due installments of alimony and support for children do not vest as they become in arrears but are subject to the control of the court. We are of the opinion that each of the phases of defendant's motion was addressed to sound discretion.
With the premise established that determination of defendant's application rested in the court's discretion it seems obvious that a review of the judgment requires a careful examination and weighing of all of the essential facts in the case capable of motivating sound judicial judgment.
In regard to the application for suspension of the support provision of the decree nisi during defendant's incarceration for contempt of its provisions, it appears that defendant by the very terms of the decree nisi of November, 1946, had *Page 111 
defaulted under a preliminary order for alimony, support of the children and counsel fees with the result that such arrearages were assessed in the decree nisi. He had been adjudged in contempt and jailed for failure to pay under the preliminary order but was released shortly upon his promise to pay regularly. It appears that he resumed his regular employment shortly after his return from military service in December, 1945, and that he vigorously but unsuccessfully defended his wife's suit in 1946 to set aside his fraudulent Mexican divorce decree, and for divorce upon the ground of his desertion in 1943. Despite his regular employment defendant failed to pay the arrearage assessed under the decree nisi entered in November, 1946, and also defaulted in the current support for the children. Contempt proceedings instituted in December, 1946, were continued until January, 1947, to afford reasonable opportunity for compliance with the decree, but on January 27, 1947, an order was entered adjudging defendant in contempt for failure to pay support, counsel fees and costs with provision for withholding arrest for thirty days to afford defendant opportunity to comply with the order. It is not denied that defendant paid but $60 for support from the date of this order to his re-employment in October, 1947, following his release from jail on September 5th, nor that he evaded arrest under the order from the issuance of the warrant at the end of February to April 23, 1947, when he was apprehended. It appears that since October, 1947, he has met the weekly support of $20 for the children, but has paid nothing toward the arrears. The arrearages set forth in the judgment of March 21, 1949, under review amounting to $626.66 counsel fee and costs and $885 support for the children are not disputed.
In these circumstances, defendant argues that there should be credited against the support arrears the accrual of support for about nineteen weeks when he was incarcerated for contemptuous failure to meet the support provisions of the decree nisi
because during that time he had no income nor means of satisfying the order. He reasons that plaintiff knowing he was wholly dependent upon employment for meeting *Page 112 
his obligation, and that his imprisonment would suspend his employment income, nevertheless perfected her contempt proceeding against him, and procured his incarceration; and he urges that thus having prevented him from complying with the support provisions of the decree she should not be permitted to hold him to the order for this period. He argues that equity will not permit her to profit from her inequity. The fallacy of this argument is apparent. It is obvious that plaintiff's motive in seeking enforcement of the order by the accepted contempt process was immaterial. It could have no bearing upon the outcome of the application. The judgment of contempt must have been founded upon the court's conclusion from the evidence that in conjunction with defendant's disobedience of the order he clearly possessed the financial means, but not the willingness, to meet the order. No appeal was taken from the order of January, 1947. It is final and conclusive and cannot now be impugned. The contempt was civil in nature and defendant's instant ability to respond to the order was inherent in the adjudication of contempt, otherwise the judgment must amount to imprisonment for debt. Incarceration in civil contempt is part of equitable process to enforce judgment, but it is available only against a resistive suitor capable of meeting the judgment. His ability to satisfy the judgment is his means of freedom. The contempt judgment was solely for compelling payment of the arrearages under the decree nisi and was not penal in any respect. Grand Lodge Knights of Pythias of NewJersey v. Jansen, 62 N.J. Eq. 737 (E. A. 1900). Nor does the fact that the order of September, 1947, releasing defendant, found him then unable to meet the assessed arrears in the contempt order bear upon or negate the contempt adjudication in January, 1947. It was a then present finding, and, together with defendant's representation that he would return to employment and pay the support money, was the means of satisfying the court of his then inability to satisfy the contempt order and his sincerity for obedience in futuro.
A father's first duty is to support his children. The duty is continuous and does not depend upon his prosperity. *Page 113 
Appellant has been a post office employee for more than fourteen years. His present annual earnings exceed $3,500. He appears to be well qualified and capable; and it is reasonable to assume that his prospect of advancement and increased earnings are good. Along with current support payments he may very well be capable of meeting the arrearages under the decree nisi within a reasonable time. At least, there is no contrary showing. CompareRoyce v. Royce, 124 N.J. Eq. 469 (E. A. 1938). We perceive no error or lack of a sound discretion in the denial of appellant's application to suspend the payments for support of his children.
The second phase of the appeal presents the question whether the court below should have credited the arrearages under the decree nisi with the value of appellant's interest in his life insurance policies in respondent's possession. The evidence limited to testimony of the parties established that the policies had a substantial value and named plaintiff-respondent as irrevocable beneficiary. Appellant claims the premiums were paid from his earnings until the parties separated in 1943, and from his allotment while he was in military service until December, 1945. Respondent denies the premiums were so paid, claims she paid them from her earnings and from borrowing in the past few years. She insists her interest as irrevocable beneficiary entitles her to entire control of the policies and that appellant cannot defeat her interest by compelling their surrender. In this posture of the evidence appellant's interest in the policies was not preponderately established and the relief sought was justifiably denied.
The evidence upon the proposed enforcement of appellant's right of visitation with the children again is limited to the testimony of the parties. Appellant states that respondent has refused to permit him to enjoy the privilege accorded by the decree nisi.
He does not relate when the requests were made, when the denials took place, nor the circumstances. Respondent denies any such requests were made or refused, and adds that appellant has completely deserted the children since 1943, save for the allotment during his war service and *Page 114 
the partially paid support under the decree nisi. Such evidence does not establish that appellant has a sincere interest in his children, much less does it suffice to invoke the court's aid in securing his right of visitation by showing that his rights under the decree nisi had been denied. Considering the application on the merits we find the denial of relief justified. It is not amiss to observe that the provisions of the decree as to visitation are enforceable by the usual process of contempt, not by seeking an order reiterating the terms of the subsisting decree.
The judgment is affirmed.