19 N.J. Super. 432 (1952)
88 A.2d 651
STELLA D. BROWN, PLAINTIFF,
v.
EDWARD I. BROWN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 13, 1952.
*434 Messrs. Goldstein & Novogrod, attorneys for plaintiff.
Messrs. Lum, Fairlie & Foster, attorneys for defendant.
*435 McLEAN, J.S.C.
This is a matrimonial action. It comes before the court on plaintiff's motion to have defendant adjudged guilty of contempt and punished for violation of an order of this court restraining him from proceeding with an action to obtain a divorce in the State of Nevada, and for an allowance for costs and counsel fee. Accompanying it is a motion in contempt proceedings in another action between the same parties in Chancery of New Jersey (80/541), wherein the plaintiff holds a judgment for the payment of $35 per week for separate maintenance of herself and her children, in the payment of which defendant is in default.
Defendant files a counter-motion for dismissal of the complaint and the contempt proceedings, and a motion to dismiss the contempt proceedings in 80/541; or in the alternative that all matters in controversy be deferred until final hearing; contending that his Nevada decree is entitled to full faith and credit, and he is absolved by it from all obligations under the mandates of the courts of this State.
There is no occasion for deferring a determination of the matters presented. There is no relationship between this case and the plaintiff's rights under her judgment in 80/541. She is entitled to receive the weekly payments awarded to her in that proceeding, notwithstanding the Nevada decree. See memorandum filed in 80/541.
On November 13, 1948, the plaintiff, Stella D. Brown, filed an independent complaint in this cause, seeking to restrain her husband, Edward I. Brown, from prosecuting a divorce action which he had instituted shortly prior thereto and which was then pending, but undetermined, in the courts of the State of Nevada. The complaint sets forth the basic requirements for such injunctive relief; an ad interim restraint was granted, and an order to show cause for a preliminary restraint was made returnable November 26, 1948. A certified copy of the complaint and supporting affidavits and the order to show cause with ad interim restraint were mailed by registered mail with return receipt requested to the defendant's attorney of record in the Nevada action, and *436 were received by him on November 25, 1948. On November 26, 1948, the return of the order to show cause, an order for restraint pending final hearing was made and entered, by the terms of which the defendant was temporarily enjoined and commanded to refrain from proceeding further in anywise with the prosecution of his aforesaid divorce action pending final hearing and until the further order of this court. Defendant violated the order by taking a final decree on December 6, 1948, on which date he actively appeared in person for trial in the Nevada court. Hence, the pending motion to hold him in contempt.
Applying our law, as stated in the Kempson cases, 58 N.J. Eq. 94 (Ch. 1899), affirmed 63 N.J. Eq. 73 (E. & A. 1902) and Perlman v. Perlman, 113 N.J. Eq. 3 (Ch. 1933), to the facts in this case it clearly appears that the conduct of the defendant in proceeding with his divorce action and taking his decree in the Nevada courts on December 6, 1948, was contemptuous. He had knowledge of the restraining order. It is admitted that the notice was received by his attorney in Reno, Nevada, about November 27, 1948. It is of no consequence how the fact of the issuance of the restraint was brought to his knowledge or notice; if he had notice or knowledge of it his conscience was bound and he is liable for the consequences of its breach to the same extent as if it had actually been served upon him in writing.
Defendant contends that he has not been guilty of knowingly and willfully violating the temporary restraining order of November 26, 1948, because he was advised by counsel that the Nevada court had full jurisdiction and that the Superior Court of New Jersey had no jurisdiction to restrain him and, hence, his failure to recognize the said order was not a knowing and willful violation and was not contemptuous but rather an act done in good faith and on advice of counsel. Advice of counsel is no excuse although it may be considered in mitigation of punishment. Cavagnaro v. Indian Tire and Rubber Co., 90 N.J. Eq. 532, 525, 540, 107 A. 643 (Ch. 1919) and cases cited.
*437 Defendant sets up his Nevada decree as conclusive of his domicile in that state and a sufficient defense to the contempt proceedings. Before the Nevada decree can have such effect in this State its validity must be determined.
"Domicile is the substratum of fact upon which the power of a court to award a divorce decree rests, and while the finding of the fact of domicile by the court where the proceeding was entertained is entitled to respect that finding cannot foreclose re-examination by the courts of another state. Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (U.S. Sup. Ct. 1945); Tonti v. Chadwick, 1 N.J. 531 (Sup. Ct. 1949); Sprague v. Sprague, 131 N.J. Eq. 104 (E. & A. 1941); Isserman v. Isserman, 138 N.J. Eq. 140 (E. & A. 1946). Our courts have regularly reserved the right to examine into the question of domicile and to refuse recognition to a foreign divorce decree based upon fraud in the proof of domicile. Hubschman v. Hubschman, 140 N.J. Eq. 284, 288 (E. & A. 1946). * * * The decree is open to collateral attack. Tonti v. Chadwick, supra." Lawler v. Lawler, 2 N.J. 527, 532 (1949).
It was for the purpose of inquiring into the alleged domicile of defendant and to prevent irremediable injury by fraud upon the States of Nevada and New Jersey and the plaintiff that the restraint on the defendant's activities was imposed. The opportunity to establish the bona fides of his domicile in Nevada was afforded him. His failure to respond and to refrain from his Nevada proceedings is the gravamen of the charge of contempt made against him. He will not be permitted now to advance the fruits of his contumacious conduct to avoid the consequences of his failure to recognize the orders of this court. He may assert his Nevada decree to have its validity determined on final hearing, but it has no part in the defense of his actions before it was entered.
Defendant argues that plaintiff cannot at this time press her contempt proceedings for the reason that she has failed to diligently prosecute her cause and it must be considered as abandonment under Rule 3:41-2 or Rule 3:87-6. I find no merit in this contention. The rules provide that a cause may be dismissed for the reasons stated on motion of either party or by the court on its own motion. The defendant has taken no steps to dismiss the action, and he is as much at *438 fault for the pendency of the cause as is the plaintiff for her neglect to proceed, perhaps more so because by absenting himself from the State he has avoided personal service. The action of the court in setting the cause for hearing and the participation of both parties is tantamount to leave to proceed. However, the necessary orders will be entered.
The enforcement of the stated rules is discretionary and here the court will follow the Supreme Court in Lawler v. Lawler, supra. In that case, Anna Lawler was permitted to intervene as a party defendant to the extent of setting up the defense of laches. She had married the defendant April 6, 1936, immediately after his divorce in Nevada from his first wife, Sophia, and claimed to have cohabited with him and to be his lawful wife for upwards of ten years thereafter. Quoting Justice Case: "* * * the only question to be considered as to her (Anna) is whether Sophia Lawler is estopped by laches from seeking a judicial declaration that the latter is the lawful wife of Charles A. Lawler. * * * It (the answer) charges Sophia with laches because she `stood by' with knowledge and without action and thereby acquiesced while equitable rights arose in favor of the intervenor. The suggestion that time of itself runs against the right of a lawful wife to establish her position as such is rather startling. It is much like saying that a wife may lose her husband by adverse possession. The word `acquiesce' may mean much or little, depending upon the facts. * * * Where our cases have applied the principle of estoppel by laches as a ground of decision in marital cases some inducement or misleading and provocative act by the estopped party has been present, or some other vital element has weighted the decision." I find no such element in the instant case.
Defendant's motion to dismiss will be denied.
The facts here bring the case within the category of civil contempt.
An order will be entered adjudging the defendant guilty of contempt of this court, in that he willfully violated the order requiring that he refrain and desist from procuring *439 his divorce in the State of Nevada, and requiring him to present the truth to the court in Nevada and in good faith urge that its decree be set aside and that he pay the costs of this proceeding to be taxed in an amount to be determined on presentation of the order; and that defendant be committed to the county jail of the County of Monmouth or to such other jail in the State where he may be apprehended and there remain charged with his contempt until he shall have complied with the provisions of the order, including payment to the plaintiff or to her solicitors the aforesaid sums, and also to pay to the clerk of this court a fine of $50 to the use of the State, provided, that whereas the defendant represents, and it appearing that he is now in ill health, no warrant for his apprehension shall issue until the further order of the court, and, in the event that proof be made to the court within 20 days from the date hereof that he has complied with the terms of the order he may be released.
The application for a writ of ne exeat need not be considered, defendant having deposited sufficient security for his appearance.