91 N.J. Super. 281 (1966)
219 A.2d 899
GEORGE J. BUSCH, JR., PLAINTIFF,
v.
HELEN BUSCH, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 6, 1966.
*283 Mr. Benjamin D. Braelow argued the cause for plaintiff.
Mr. Barry R. Mandelbaum argued the cause for defendant-counterclaimant (Messrs. Irving & Barry R. Mandelbaum, attorneys).
CONSODINE, J.C.C. (temporarily assigned).
This court entered a judgment nisi in favor of defendant-counterclaimant for divorce upon the ground of extreme cruelty and ordered that plaintiff pay to her the sum of $150 per week as alimony as well as certain payments for hospital, medical and surgical bills, prior maintenance and counsel fees and costs.
The Plaintiff appealed. He filed his notice of appeal within the time provided by the rules and posted security for the preparation of the transcript. The transcript of the trial proceedings was lodged with the Clerk of the Superior Court, Appellate Division, thereby requiring plaintiff to file his brief in accordance with the rules within 30 days. That period of time has passed. No brief has been filed in the Appellate Division. Plaintiff has not made application to this court or the Appellate Division for a stay of the mandate and terms and provisions of the judgment nisi. The terms and provisions of that judgment are still operative.
This conclusion is supported by the rules of the court. Plaintiff argues that the notice of appeal per se stays not only *284 the judgment nisi as to the divorce, but also all its other terms and provisions.
The issues here are:
1. Whether the terms and provisions of the judgment nisi are automatically stayed by the filing of the notice of appeal.
2. Whether the conduct on the part of plaintiff in disobeying and disregarding the terms and provisions of the judgment nisi constitute contumacious conduct so that he should be cited in contempt.
3. Whether a writ of execution should issue against plaintiff's property.
4. Whether the court should issue a writ of sequestration to attach plaintiff's property and appoint a receiver to administer said property and sell the same in order to satisfy the terms of the said judgment.
5. Whether an injunction should issue restraining plaintiff from transferring his property.
The rules of court are unequivocal in declaring that the filing of a notice of appeal and the transcript of the proceedings does not automatically stay the mandate or terms and provisions of the judgment appealed. R.R. 1:4-6(b) provides that performance of a judgment and the proceedings to enforce it shall be stayed provided that a supersedeas bond is given or a cash deposit made and the notice of appeal has been filed. R.R. 1:4-7 provides that prior to the time that the brief on appeal has been filed, an application for an order requesting a stay shall be made to the trial court from which the appeal is being taken. R.R. 1:4-8 sets forth the terms and provisions in respect to the posting of a supersedeas bond or cash deposit.
Moreover, R.R. 4:64-1 provides that unless the court otherwise orders, execution may issue upon a judgment and proceedings taken for its enforcement forthwith upon its entry. In addition, R.R. 4:64-2 provides that the performance of any judgment shall not be stayed unless the court so orders.
*285 Defendant, therefore, comes into this court under the authority so provided by the rules and requests that the court grant the appropriate relief for the enforcement of the terms and provisions of its judgment nisi.
R.R. 4:98-9 (c) provides that when a person fails to make payments as directed by an order or judgment of the matrimonial court, any aggrieved party may apply for relief in accordance with R.R. 4:87-5. R.R. 4:87-5 provides the machinery for holding a person in contempt for failure to comply with an order of the court.
There is outstanding the mandate of the judgment entered by this court which plaintiff has chosen to ignore and disobey. The failure of a divorced husband to make the required payments of alimony amounts to contempt when he has had the ability to make the payments, had he desired to do so. 10 N.J. Practice p. 600. (Marriage, Divorce and Separation) (3d ed.) The record shows that the plaintiff has such ability.
Initially, pending appeal, the order requiring a husband to pay alimony could not be enforced by contempt. Robinson v. Robinson, 86 N.J. Eq. 165 (E. & A. 1934). However, the promulgation of R.R. 1:4-6 et seq. amended this so that in the absence of a stay the trial court may cite the disobedient party in contempt. 10 N.J. Practice, above, at p. 600.
Defendant has already docketed with this court pursuant to N.J.S. 2A:16-18 et seq., an abstract of the judgment nisi in so far as it concerns counsel fees and costs, and payments of monies due to her.
The rules of court are clear that application need not be made to this court for the issuance of a writ of execution. As stated, R.R. 4:64-1 et seq. provides that a party may proceed to enforce a judgment provided that no stay has been ordered by the court. R.R. 4:74-1 provides that process to enforce a judgment for the payment of money, other than alimony awarded in a matrimonial action, and process to collect costs allowed by a judgment or order, shall be a writ *286 of execution except where the court otherwise orders. A party may secure a writ of execution, without the order of this court, to enforce the provisions of a judgment nisi that has been docketed.
Upon default in complying with any order as to alimony or maintenance of the wife, the court may award and issue process for the immediate sequestration of the personal estate, and the rents and profits of the real estate, of the party so charged, and appoint a receiver thereof to apply such personal estate and the rents and profits of the real estate, or so much thereof as shall be necessary, towards such alimony and maintenance as to the court shall from time to time seem reasonable and just. Cf. N.J.S. 2A:34-23. This statute is remedial and should be construed liberally. Lynde v. Lynde, 64 N.J. Eq. 736 (E. & A. 1902).
Generally, under N.J.S. 2A:34-23, sequestration is final process in alimony cases and the personal estate and the rents and profits of the real estate of the husband are applied towards the order for alimony and maintenance. A court of equitable jurisdiction possesses inherent power to issue a writ of sequestration in order to preserve property and to enforce compliance with any order or judgment the court may deem to be necessary. 10 N.J. Practice, above, at p. 303.
Fischer v. Fischer, 24 N.J. Super. 180 (App. Div. 1952), held that a divorced husband has a duty to comply with an alimony judgment; that his income and property are subject thereto, and that these may be proceeded against by sequestration.
R.R. 4:77-24 provides that the court may order sequestration of his real and personal estate, or so much thereof as may be sufficient to satisfy the judgment or order of the court. Under the circumstances presented here, a writ of sequestration should be issued and a receiver appointed for the property of plaintiff.
Defendant has stated in her affidavit that she is fearful her husband will transfer and assign his assets to avoid payments which are now due, and furthermore, to preclude *287 her from obtaining future payments of alimony. If such a transfer is made by plaintiff, defendant will obviously sustain substantial and irreparable damage. There is ample authority for the issuance of an order enjoining a husband from conveying away or disposing of his property in order to preclude his wife from recovering past due alimony payments as well as payments to accrue in the future. 10 N.J. Practice, above, at p. 600; David v. David, 111 N.J. Eq. 493 (E. & A. 1932); Clark v. Clark, 13 N.J. Misc. 49, 176 A. 81 (Ch. 1935); Baskinger v. Baskinger, 129 N.J. Eq. 224 (Ch. 1941). The record before this court presents substantial grounds for the issuance of the injunction sought by the defendant.