95 N.J. Super. 117 (1967)
230 A.2d 165
IN THE MATTER OF NEWARK TEACHERS' ASSOCIATION, A NEW JERSEY CORPORATION, ET AL., DEFENDANTS, CHARGED WITH CONTEMPT OF COURT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1967.
Decided May 12, 1967.
*119 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. William J. Straub, Assistant County Counsel, argued the cause for appellant, Essex County Treasurer.
Mr. Richard Newman, Deputy Attorney General, argued the cause for respondents, State of New Jersey; Mr. Mortimer G. Newman, Jr., Clerk of the Superior Court, Mr. John A. Kervick, State Treasurer (Mr. Arthur J. Sills, Attorney General, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
On February 9, 1966 Judge Mintz, sitting in the Chancery Division, Essex County, issued an order to show cause with interim restraint enjoining defendants New Jersey Education Association, its affiliate Newark Teachers' Association (N.T.A.), and their members and officers, from striking against the Newark school system. The next day 35 N.T.A. members violated the injunction by joining in a teachers' strike. Judge Mintz at once entered orders directing them to show cause why they should not be held in contempt of court. He eventually found them guilty and imposed fines ranging from $500 to $1,000 (a total of $19,000) and, in some cases, imposed penitentiary sentences (suspended) and placed defendants on probation.
The present litigation stems from a motion brought by the Attorney General on behalf of the Superior Court Clerk and *120 the State Treasurer for an order compelling the Essex County authorities to pay over to the clerk, for the use of the State, the $19,000 in fines then held by the county treasurer. The county opposed the motion on the ground that the fines were intended to reimburse it for the cost of supervising defendants' probation and collecting the fines. The court ordered the county treasurer to pay the $19,000 to the Superior Court Clerk, and the county appeals.
The major defect in the county's argument is that it attempts to say what Judge Mintz "intended" by his original order holding defendants in contempt. The order under appeal is itself the best evidence of that intent.
In ruling in favor of the State, the judge said:
"The question is, should the probationary costs be considered in determining where the fines ought to go or may I consider the fact that the effrontery was to this court. The contempt consisted of violating the order of this court. The fine was penal in nature and should go to the authority that was offended, namely, the State. * * *"
The order directing payment over, after reciting that the orders adjudging defendants in contempt and assessing fines against them had not specified to whom the fines were payable, continues as follows:
"* * * these fines were deemed penal in nature by this Court; [they] did not relate to the costs incident to the probation of the defendants; and further * * * it was the intention of this Court that the aforesaid fines were to have been paid to the Clerk of the Superior Court for the use of the State of New Jersey."
The contempt power is essential to the maintenance of respect for the courts and such orders as may be rendered by them. N.J. Department of Health v. Roselle, 34 N.J. 331 (1961); In re Clawans, 69 N.J. Super. 373 (App. Div. 1961). As was said in Roselle, the word "contempt" signifies a public offense and refers to a contempt of government (at page 337). A prosecution for contempt can be initiated only *121 by the court itself (at page 342). It follows that the "government" which has been contemned metes out the punishment therefor; it is to that government that any fines must be paid. Here the contempt was to the State, through violation of an order of its judicial branch, the Superior Court. The clerk of that court is, therefore, the one to receive the fines imposed. Compare the fines imposed in Staley v. South Jersey Realty Co., 83 N.J. Eq. 300, 302 (E. & A. 1914); Laurie v. Ryan, 130 N.J. Eq. 248, 253 (Ch. 1941).
That a penalty is to be paid to the clerk of the court which imposes the sanction is also recognized by N.J.S. 2A:10-5, governing civil contempt, which provides:
"Any person who shall be adjudged in contempt of the superior court or county court by reason of his disobedience to a judgment, order or process of the court, shall, where the contempt is primarily civil in nature and before he is discharged therefrom, pay to the clerk of the court, for the use of the state or the county, as the case may be, for each such contempt, a sum not exceeding $50 as a fine, to be imposed by the court, together with the costs incurred."
And see N.J.S. 2A:8-33 (municipal courts); N.J.S. 2A:7-13 (former criminal judicial district courts, now abolished). The pattern emerging from such legislative enactments is that fines imposed for criminal contempt under N.J.S. 2A:10-1 (as here) shall be paid to the clerk of the contemned court.
The county calls attention to N.J.S. 2A:166-10, which requires each sheriff to keep a suitable book in which he shall record all costs, fines or forfeitures collected from prisoners committed to his custody in the common jail of his county and to pay such sums to the county treasurer monthly. This statute obviously has no application in the present factual setting; further, it is nothing more than a bookkeeping measure.
Nor is the county's reference to R.R. 4:53-2 appropriate. That rule provides that upon motion of a party made not later than ten days after entry of judgment, the court "may amend its findings or make additional findings and may *122 amend the judgment accordingly." It is part of Rule 4:53, "Findings by the Court"  a matter with which we are not here concerned. What does concern us is that the trial judge clarified his prior judgment, which was silent as to whom the fines should be paid. Indeed, R.R. 4:62-1 provides that errors in judgments arising from oversight or omission may at any time, except during the pendency of an appeal, be corrected by the trial court upon its own initiative or on motion of any party, and after such notice (if any) as the court orders.
Affirmed.