113 N.J. Super. 268 (1971)
273 A.2d 600
EAST BRUNSWICK BOARD OF EDUCATION, PLAINTIFF-APPELLANT,
v.
EAST BRUNSWICK EDUCATION ASSOCIATION, ET AL., DEFENDANTS-RESPONDENTS. IN THE MATTER OF THE EAST BRUNSWICK EDUCATION ASSOCIATION, ET ALS., CHARGED WITH CONTEMPT.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1971.
Decided February 5, 1971.
*269 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. Richard S. Cohen, attorney pro se, argued the cause for appellant (Messrs. Cohen, Hoagland, Cohen & Keefe, attorneys).
Mr. Louis J. Alfonso, Assistant County Counsel, argued the cause for respondent County of Middlesex.
Mr. Stephen Skillman, Assistant Attorney General, argued the cause for respondent State of New Jersey (Mr. John B. Wefing, Law Assistant, on the brief; Mr. George F. Kugler, Jr., Attorney General, attorney).
The opinion of the court was delivered by SULLIVAN, P.J.A.D.
This appeal stems from a 1970 strike by teachers employed by the Borough of East Brunswick Board of Education (Board). The Chancery Division, on application of the Board, entered a restraining order respecting the strike. Thereafter, an order to show cause in contempt was entered against the teachers for failure to return to work. Appellant Richard S. Cohen, attorney for the Board, was designated by the court to prosecute the contempt proceedings. Of the 60 defendants charged with contempt, 40 were tried and 38 were convicted. Fines totalling *270 $4,350 were assessed and paid to the Clerk of the Superior Court. See In re Newark Teachers' Ass'n, 95 N.J. Super. 117 (App. Div. 1967).
Cohen then applied to the trial court for the allowance of a counsel fee and expenses[1] in connection with the contempt proceedings to be paid by either the State of New Jersey or Middlesex County. The trial court held that it had no authority under R. 1:10 to allow a counsel fee but would direct the Board to reimburse appellant for all reasonable costs incurred by him.
This appeal by Cohen challenges the correctness of the aforesaid ruling. He argues that an attorney should not be required to render his professional services gratis; that his situation is analogous to the assignment of counsel in a criminal case, and that he is entitled to an allowance for his services on the reasoning of State v. Rush, 46 N.J. 399 (1966), to be paid by either the State or the county.
We do not see how any allowance can be made to defendant. R. 1:10 makes no provision for the allowance of a counsel fee to designated counsel. The State cannot be ordered to pay a counsel fee in the absence of enabling legislation. Nor can it be ordered that the fines collected be subject to the expenses incurred in connection with the contempt proceedings. In re Newark Teachers' Ass'n, supra.
We likewise conclude that Rush does not support appellant's argument that the county or State be required to pay him a counsel fee. Rush recognized the duty owed the court by an attorney to assist the court in the business before it. The reason Rush departed from this principle was the vast increase in assignments in criminal cases, with a resultant burden on attorneys which was "more than the profession alone should shoulder. * * *" A contempt proceeding is *271 not analogous. Cf. State in the Interest of Antini, Jr., 53 N.J. 488 (1969).
We can see possible inequity in the present situation. Consideration might well be given to amendment to R. 1:10 to provide some means for compensating designated counsel. One solution would be to designate the Attorney General or county prosecutor to prosecute contempt proceedings, thereby avoiding the problem of counsel fees. We are told that this practice is being followed by some judges.
Contempt proceedings are maintained to vindicate the authority of the court and to deal with a challenge to government itself. Therefore, in a contempt proceeding under R. 1:10, the sheriff's office, as an adjunct of the court, is required to serve the court's orders and process without fee, cf. N.J.S.A. 22A:4-9, unless the court sees fit to impose costs on the person or persons found guilty of contempt. N.J.S.A. 2A:10-5; N.J. Dept. of Health v. Roselle, 34 N.J. 331, 345-346 (1961).
The judgment of the trial court is modified so as to delete therefrom the provision that the board of education reimburse appellant for all reasonable costs, and as modified is affirmed.
No costs.
NOTES
[1] At oral argument of the appeal, Mr. Cohen stated that his expenses consisted of fees due the sheriff's office for service of court orders; that the sheriff's office had advised him of the dollar amount of such charges, but had not submitted any bill because it did not know on whom the responsibility to pay rested.