242 N.J. Super. 688 (1990)
577 A.2d 1328
BARBARA SGAMBATI, PLAINTIFF,
v.
FRANK SGAMBATI, JR., DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
May 23, 1990.
*689 Michael N. Boardman, for plaintiff.
Steven R. Rubenstein, for defendant (Wasserman & Rubenstein, attorneys).
KRAFTE, J.S.C.
The issue before this court is whether a party to a matrimonial action may be incarcerated for willful noncompliance with a court order to pay the fees of a court-appointed expert. This court holds that the party may be imprisoned, without violation of constitutional rights, until such time as the order has been satisfied.
Plaintiff-wife filed for divorce on November 12, 1986, after a 12-year marriage. By way of a pendente lite order entered June 26, 1987, a certified public accountant was appointed to examine the business and personal books and records of defendant-husband *690 for purposes of establishing a clear and concise financial picture. A full forensic investigation took place, encompassing 65 hours of the accountant's and his staff's time. The participation of the expert led to the full resolution of the matter after a settlement conference at the courthouse on October 20, 1988. The property settlement agreement memorializing this accord was signed on April 13, 1989, and the divorce action was heard unopposed on May 11, 1989.
It must first be made clear that there is not now, nor has there ever been, any question of defendant's ability to pay his share of the costs of the litigation, including his agreement made at the final hearing to pay one-half of the accountant's fees.
On August 30, 1989, defendant's attorney was ordered to produce his client before the court for the imposition of sanctions, which might include incarceration, for the non-payment of his one-half share of the accountant's fee pursuant to the property settlement agreement. Numerous phone calls and correspondence followed, clearly communicating that the purpose of the court's actions was to compel compliance rather than to punish for the lack thereof.
In September 1989, for the first time, defendant requested an itemized bill from the accountant, delineating the dates, hours and substance of the services rendered. The court postponed the sanction hearing in order for the invoice to be provided, but due to a change of address, defendant did not receive it until December 1989. Defendant continued to question the amount of the bill and this court continued to be patient while a settlement was supposedly being made.
On March 14, 1990, another hearing was ordered and again adjourned. Defendant claimed to have reconciled the amount of the bill and the terms of payment and the court was informed the total would be reduced by an agreed figure, as long as one-third of the bill was paid immediately, one-third by April 29 and the balance by May 29, 1990, more than one year *691 after the divorce action was heard. However, no monies were paid and on April 18, the court again ordered defendant's attorney to produce his client, advising that immediate sanctions would be imposed unless one of the following was accomplished: (1) payment be made in full; (2) the full amount plus $1000, for costs and counsel fees, be deposited with the court, pending a plenary hearing to determine the reasonableness of the bill; or (3) a signed alternate agreement be presented.
Defendant produced such an agreement to the court on April 25, but again failed to comply with its very terms. Thus, an order for arrest was issued on May 1, 1990. The condition for release was the payment to the court-appointed expert pursuant to prior court order. Defendant, accordingly, holds the key to the jail.
Citizens of this State are protected from imprisonment for debt "in any action, or on any judgment founded upon contract, unless in cases of fraud." N.J. Const. of 1947, art. I, para. 13. The purpose of this provision is to insure that honest citizens not be incarcerated by virtue of their inability to pay debts. Perry v. Orr, 35 N.J.L. 295 (Sup.Ct. 1871); Note, "Civil Arrest of Fraudulent Debtors: Toward Limiting the Capias Process," 26 Rutgers L.Rev. 854 (1973).
The term "debt" may be liberally construed and is not confined to an obligation to pay money, but includes "debt in the popular sense of a demand founded on contract express or implied, and comprises all actions ex contractus." State v. Madewell, 63 N.J. 506, 512, 309 A.2d 201 (1973) (quoting Perry v. Orr, supra at 298). Art. I, para. 13 of the Constitution, however, is specifically applicable to debts owed on contract. The money due and owing in the case at bar is not the result of a breach of contract, but rather a failure to abide by an order of this court. Courts have long distinguished between those two circumstances of nonpayment and have held that when commitment is for the purpose of enforcing a court ordered payment *692 of money, it is not imprisonment for debt. Krafte v. Belfus, 114 N.J. Eq. 207, 168 A. 755 (Ch. 1933).
The Superior Court has the statutory authority to find a party in contempt when a judgment, order or process of court has been disobeyed. N.J.S.A. 2A:10-5. Punishment for such contempt is within the court's discretion and may consist of a fine, imprisonment, or both. The purpose of a sentence is neither revenge nor enrichment at the expense of the offender, but only to protect the court's honor and dignity. In re Megill, 114 N.J. Eq. 604, 614, 169 A. 501 (Ch. 1934). The use of civil contempt strengthens the power of the court to enforce its orders and compel obedience. The Appellate Division held that it was proper to place a party on probation for contemning visitation provisions of a judgment nisi. The powers of the court are "broad enough to comprehend the use of any reasonably appropriate and effective procedures designed to enforce Chancery Division judgments or orders, including those attendant upon the use of process of civil contempt, to compel obedience to such judgments or order." Lathrop v. Lathrop, 57 N.J. Super. 532, 539, 155 A.2d 106 (App.Div. 1959). See also In re Neward Teachers Ass'n, 95 N.J. Super. 117, 230 A.2d 165 (App.Div. 1967).
The threat of incarceration imposes the incentive to comply upon parties in matrimonial actions, as is noted by the final report of the New Jersey Supreme Court Committee on Matrimonial Litigation, (N.J.L.J.Supp. July 16, 1987). In Brown v. Brown, 19 N.J. Super. 432, 88 A.2d 651 (Ch.Div. 1952), the court charged defendant with contempt for the willful violation of a temporary restraining order enjoining him from proceeding with a divorce suit in Nevada and ordered him confined to jail until the provisions of the order were followed, including payment of certain sums. Compliance with the order was the term of his release, and thus, the purpose of the charge. Since defendant defied this court by not making payments as agreed, the issuance of a warrant for his arrest is intended to encourage *693 observance of the court order. The object is compliance and this court shall utilize its inherent power to mandate adherence to its orders and judgments.
New Jersey court rules give courts the power to order a party confined to jail for contempt of court and enforcement of litigant's rights. R. 1:10. The ability to incarcerate can thereby be exercised upon application to the court. As the order violated must be within the subject matter jurisdiction of the court, it is important to note that the appointment of financial experts in matrimonial litigation has been endorsed by the judiciary. Rothman v. Rothman, 65 N.J. 219, 320 A.2d 496; Mayer v. Mayer, 180 N.J. Super. 164, 434 A.2d 614 (App.Div. 1981); R. 5:3-3(b).
In the present case, the order to have defendant pay his one-half share of the accountant's fee was properly entered and can therefore be enforced. "Notwithstanding that an act or omission may also constitute contempt of court, a litigant in any action may seek relief by application in the action." R. 1:10-5. Either under the statutory authority of N.J.S.A. 2A:10-5 or pursuant to the enforcement of litigant's rights, terms of release from confinement must be specific but the period of confinement cannot be so. "Incarceration is a coercive remedy to achieve compliance, and where indicated, should not be limited or delimited by a term, but should depend on its length on the continuation of noncompliance." Pierce v. Pierce, 122 N.J. Super. 359, 360, 300 A.2d 568 (App.Div. 1973); see also Pressler, Current N.J. Court Rules, Comment R. 1:10-5 (1979).
When a Family Part order to pay money has been willfully disobeyed, a determination of a violation of litigant's rights may be made and the party found to be in violation may be committed to jail until such time that the sums be paid. Nussbaum v. Hetzer, 1 N.J. 171, 62 A.2d 399 (1948). Compliance is the key. Defendant, here, need only pay the agreed-upon fee to the expert. Plaintiff has paid her share in a timely fashion. Sufficient *694 cause for nonpayment by defendant has not been proffered. The court in Biddle v. Biddle, 150 N.J. Super. 185, 375 A.2d 285 (Ch.Div. 1977), stated:
Incarceration under R. 1:10-5 is part of the equitable process to enforce judgment, but is available only against a resistive suitor capable of meeting the judgment. The purpose of incarceration is to compel payment.... Incarceration is founded upon the court's conclusion from the evidence that, in conjunction with defendant's disobedience of the order, he clearly possessed the financial means but not the willingness to meet the order. [At 191, 375 A.2d 285].
See also Federbush v. Federbush, 5 N.J. Super. 107, 68 A.2d 473 (App.Div. 1949); Busch v. Busch, 91 N.J. Super. 281, 219 A.2d 899 (Ch.Div. 1960).
There is no question that defendant has the ability to make these payments. He agreed to make them at the time of the divorce hearing. Throughout his deliberate avoidance, he never made a claim of inability to pay. Defendant has defied a court order in spite of the time passed and the attempts to reconcile the matter. The responsibility for defendant's position is completely within his control. He need only pay the court-ordered fees to be cleared of any charges. Again, compliance is the key.
This court holds that under our State Constitution, its statutes, court rules and case law, it is proper to order the incarceration of a party for as long as there is a continuing, willful violation of a court order. Such an order may include, but is not limited to, the payment of court-appointed expert fees, counsel fees and costs.