24 N.J. Super. 198 (1953)
93 A.2d 616
STELLA D. BROWN, PLAINTIFF-RESPONDENT,
v.
EDWARD I. BROWN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1952.
Decided January 5, 1953.
*200 Before Judges McGEEHAN, JAYNE and CONLON.
Mr. John R. Rose argued the cause for defendant-appellant (Messrs. Lum, Fairlie & Foster, attorneys; Mr. Vincent P. Biunno, on the brief).
Mr. David Goldstein argued the cause for plaintiff-respondent (Messrs. Goldstein & Novogrod, attorneys; Mr. George A. Bariscillo, Jr., on the brief).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The parties were married in 1916 and lived together in New Jersey as husband and wife until 1930. In 1930 the wife sued in our Court of Chancery for separate maintenance and obtained a final decree under which the husband-defendant was obligated to pay her support money. The support provision of this 1930 separate maintenance decree was modified in 1939 to provide that he pay to the wife $35 per week for the support and maintenance of herself and the three children of the marriage. In 1948 *201 he left New Jersey, went to Reno, Nevada, and after his arrival there he instituted suit for divorce. On October 28, 1948 the wife was personally served in New Jersey with the summons and complaint in the Nevada divorce suit, the process allowing the wife 30 days within which to defend. On November 13, 1948 she filed a verified complaint in our Superior Court, Chancery Division, seeking an injunction against prosecution of the Nevada suit. On the same day, an order was entered in our Chancery Division, containing an ad interim restraint and ordering the husband to show cause on November 26, 1948, in Trenton, New Jersey, why an injunction should not issue. On November 26, 1948, the return day, no answers or affidavits having been filed by him and no appearance having been made for him, the court issued a temporary injunction restraining the defendant and his solicitors from proceeding further with the Nevada action. With knowledge of the New Jersey restraint, the husband proceeded with his Nevada action and a Nevada divorce decree in his favor was entered on December 6, 1948. Early in January 1949 he went to Florida for approximately three and one-half months, and then returned to Nevada for approximately one month. He left again for Florida in June 1949, and claims that he has resided there ever since.
While in New Jersey on a visit in 1951, 19 N.J. Super. 431, the husband was served with the wife's notice of motion to hold him in contempt for violating the injunctive order of our court dated November 26, 1948, which was entered in the wife's 1948 restraint action. Pending the hearing on this contempt proceeding, he was also served with a petition and notice of motion to fix the amount of alleged arrearages due the wife under her New Jersey 1930 maintenance decree, as modified.
We take up first the order dated July 31, 1952, which was entered in the 1930 separate maintenance action. Although the husband obtained his Nevada divorce decree on December 6, 1948, he continued until June 1949 to make the support payments under the wife's separate maintenance *202 decree. The order now under consideration fixed the arrearages under the wife's decree for the period from June 1, 1949 to October 26, 1951 at $4,375. The husband argues that any right of the wife to support under the New Jersey separate maintenance decree was terminated by the entry of the Nevada decree dissolving the marital relation. The Nevada court never obtained in personam jurisdiction over the wife, to whom the separate maintenance decree runs; and in such circumstances, such foreign divorce decree does not supersede the support provisions of the maintenance decree. Isserman v. Isserman, 11 N.J. 106 (decided December 15, 1952); Estin v. Estin, 334 U.S. 541, 92 L.Ed. 1561 (1948). The provision fixing the amount of the arrearages is affirmed.
The husband also attacks the provision of this order which allows the wife a counsel fee of $300 in this particular proceeding. The court had power to allow counsel fee and we do not deem the amount thereof to be excessive. The wife is entitled to attempt to preserve the support provision of her maintenance decree against a claim that it is superseded by a foreign divorce decree, and a counsel fee may be awarded to her even if she is unsuccessful. Isserman v. Isserman, above.
This order also contains a provision adjudging the husband guilty of civil contempt for violating the 1930 maintenance decree, as modified in 1939, in failing to make the payments required thereunder; and a further provision ordering his commitment until he pays the amount found due as arrearages up to October 26, 1951. Both these provisions must be reversed, because no contempt proceeding for such nonpayment was ever instituted. In fact, the wife's attorney stated, in answer to a question by the court, that it was the fixing of the amount of arrearages and not any provision for contempt that was sought in this particular proceeding.
We turn now to the contempt proceeding in the wife's 1948 restraint action. The husband filed an answer *203 setting forth, among other matter, that he had changed his domicile and residence from New Jersey to Nevada prior to the institution of his Nevada divorce suit and prior to the institution of the wife's 1948 restraint action; that he continued to have his domicile and residence in Nevada until after the completion of his Nevada suit; and that the Nevada divorce decree is valid and a complete defense to this contempt proceeding. Relying on the Kempson cases (58 N.J. Eq. 94 (Ch. 1899); 61 N.J. Eq. 303 (Ch. 1901), affirmed 63 N.J. Eq. 783 (E. & A. 1902)) and Perlman v. Perlman, 113 N.J. Eq. 3 (Ch. 1933), the trial court found the husband guilty of contempt because he proceeded with the Nevada divorce action, although he had knowledge of the New Jersey restraining order. 19 N.J. Super. 432. We agree with the trial court that this defendant did have personal knowledge of the restraint issued by our court. With personal knowledge thereof, he was as much bound by the order as if it had been served on him personally. Perlman v. Perlman, above; Kempson v. Kempson, 61 N.J. Eq. 303, 311. But the power of our court to so restrain the husband depends on the fact that the husband attempted to destroy the marriage relation by bringing suit in another state for that purpose while his domicile was still in New Jersey. Kempson v. Kempson, 61 N.J. Eq. 303, 310; Perlman v. Perlman, above. Here the trial court made no finding as to the domicile of the husband or as to the validity of the Nevada divorce decree. Without such a finding, there can be no valid order adjudging the husband in contempt for violation of such a restraining order. The inconsistency brought about in this case by the contempt order, entered without a finding as to the husband's domicile, underscores the need of such a finding. The contempt order commits the defendant, until he complies with the direction, "to proceed with reasonable diligence to present the truth" to the Nevada court "and in good faith urge that its decree of divorce dated December 6, 1948, be set aside"; while the trial court also held (19 N.J. Super. 432, 437) that the husband may have *204 the validity of his Nevada divorce determined on final hearing. The order entered on July 31, 1952 in the 1948 restraint action, which adjudges the defendant in contempt, is reversed in its entirety.
Another order was entered in the 1948 restraint action denying the defendant's motion to dismiss the contempt proceeding for violation of the order of November 26, 1948, and allowing a counsel fee of $200 to the wife in that particular matter. This order is affirmed. The motion to dismiss this contempt proceeding was based on the ground that the wife had abandoned her 1948 restraint action because of her failure to prosecute it diligently, and the contempt proceeding fell with the main action. There was no lack of diligence on the part of the wife in the prosecution of her restraint action; the delay which the defendant now complains of was caused by circumstances entirely within his control.
The causes are remanded for further proceedings consistent with this opinion.