Marguerite Lovelett NOWELL, Appellant,

v.

Ames NOWELL, Appellee.

No. 16800.

Court of Civil Appeals of Texas.

Dallas.

Oct. 28, 1966.

Rehearing Denied Nov. 18, 1966.

———◆———

Burford, Ryburn & Ford and John L. Estes and Robert A. Wooldridge, Dallas, for appellant.

Harris, Anderson, Henley, Shields & Rhodes and Charles O. Shields, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Divorce action. Ames Nowell instituted this action in the Domestic Relations Court of Dallas County, Texas against Marguerite Lovelett Nowell in which he sought a divorce and adjudication of property rights. Defendant wife, a resident of the State of Connecticut, was served with citation in that state. Pursuant to Rule 120a, Vernon's Texas Rules of Civil Procedure, defendant filed her motion challenging the jurisdiction of the Texas court on the grounds (a) that she was not a resident of the State of Texas, (b) that the plaintiff was not a bona fide resident of the State of Texas, (c) that there was a prior suit pending in the State of Connecticut, being a suit for legal separation and equitable support involving the same parties and same subject matter, and (d) that at the time of attempting service upon defendant, plaintiff was under an injunction issued in the Connecticut suit prohibiting him from proceeding with the Texas action. Defendant also filed her plea in abatement asserting the same grounds as were contained in her motion challenging jurisdiction and asking the court to grant comity to Connecticut and the injunctions issued and to dismiss or abate the Texas action. The trial court overruled both pleas and the case proceeded to trial before a court and a jury. Following jury verdict, judgment was entered granting plaintiff husband a divorce from defendant wife and also ordering disposition of certain property of the parties. This appeal follows.

FACTS

Ames Nowell and Marguerite Lovelett were married April 6, 1957. In November of 1962 Marguerite Nowell filed suit in the Superior Court of Fairfield County, Connecticut against Ames Nowell seeking a divorce. Ames was served personally in Connecticut. Shortly thereafter Marguerite amended her suit and changed the cause of action from that of divorce to one seeking legal separation and equitable support under the provisions of Section 46–29 of the Connecticut General Statutes, Revision of 1955.*

---

* "In any case in which a divorce might be decreed, the superior court, on petition of the party who would be entitled to a divorce, may decree a legal separation of the parties, which separation shall have in all respects the effect of a divorce, except that the parties shall not be free to marry any third person and except as hereinafter provided. Upon such petition the procedure shall be the same as in actions for divorce, and the court shall have the same power in all matters relating to temporary and permanent orders for alimony, custody and support of children, and to allowances, as in cases of divorce. The parties to such action may at any time resume marital relations, upon filing with the clerk of the superior court for the county in which the separation was decreed their written declaration of such resumption, signed, acknowledged and witnessed. Such declaration shall be entered upon the docket, under the entries relating to such petition."

Ames Nowell appeared in person in the Connecticut suit and that court entered an order requiring the husband to pay alimony to the wife in the sum of $1,650 per month. The merits of the Connecticut action had been submitted by the Connecticut court judge to a referee who conducted hearings thereon beginning September 29, 1964.

Ames Nowell left the State of Connecticut and eventually came to Texas and filed an action in the Juvenile Court of Dallas County, Texas seeking an annulment of the marriage. On March 24, 1965 the Connecticut court entered a temporary injunction order forbidding Ames from "either directly or indirectly, personally or by his agents or attorneys from prosecuting, pursuing, proceeding or in any manner whatsoever from taking action in or with regard to a certain lawsuit in the Juvenile Court of Dallas, Dallas County, Texas, * * *." No further action was taken on the annulment suit in Texas.

On March 15, 1965 Ames Nowell filed the instant suit for divorce. After service was accomplished in Connecticut Ames Nowell filed an application for, and the Domestic Relations Court of Dallas County, Texas issued on September 7, 1965, an order temporarily restraining Marguerite Nowell from taking any action in her Connecticut suit which might interfere with the divorce suit pending in Texas. Marguerite Nowell was served with notice of said restraining order in the forenoon of September 9, 1965. In the afternoon of the same date, September 9, 1965, Marguerite Nowell obtained a temporary injunction in the Connecticut court against Ames Nowell forbidding him from taking any further action in the divorce case in Texas, or in any other state, pending final disposition of the Connecticut case.

Prior to these proceedings, and on August 24, 1965, the referee had returned to the Connecticut court a report of his findings wherein it was found that Marguerite Nowell was entitled to equitable support.

On September 16, 1965 Marguerite Nowell filed her sworn motion in the Texas suit challenging the jurisdiction of the court over her person in temporary injunction proceedings and in which she specifically pleaded all relevant facts relating to the pending Connecticut suit and the temporary restraining order issued against Ames Nowell in Connecticut. This motion was denied.

On September 24, 1965 Marguerite Nowell filed her sworn motion pursuant to Rule 120a, T.R.C.P., challenging the jurisdiction of the Texas court over her person and setting forth the material facts relating to the prior suit pending in Connecticut and the injunctions issued therein. This motion was heard by the Texas court on October 22, 1965 and was overruled.

Marguerite Nowell filed a plea in abatement in the Texas action on October 25, 1965, and amended the same on December 8, 1965, in which she set forth specifically and in detail all of the material facts relating to the prior suit pending in Connecticut and the injunction issued against Ames Nowell therein. This plea was heard on December 9, 1965 and overruled.

At the time the Texas court heard the plea to the jurisdiction and pleas in abatement the report of the referee in the Connecticut action had not been acted upon by the judge of the Connecticut court and the Connecticut action was still pending.

Section 46-30 provides:
"At any time after the entry of a decree of legal separation, either party may petition the superior court for the county where such decree was entered for a decree finally dissolving and terminating the marriage and, if the court finds that the parties have not resumed marital relations since the entry of the decree of legal separation, it may enter a decree finally dissolving and terminating the marriage and may affirm or modify any existing orders and may enter any additional orders relating to alimony, custody and support of children and allowances as are usual in divorce cases."

The case proceeded to trial in the Texas court on December 15, 1965 and after hearing voluminous testimony the trial court submitted the case to the jury on special issues, all of which were answered favorably to Ames Nowell. Based upon such verdict the trial court entered judgment for divorce in favor of Ames Nowell and also ordered certain disposition of property of the parties.

## OPINION

By her first six points of error appellant contends that the trial court erred in overruling her plea to the jurisdiction and also her plea in abatement because at the time of hearing of said motion and plea there was pending in the State of Connecticut a suit previously filed and involving the same parties and subject matter, as well as antisuit injunctions issued in the Connecticut court, and that under the doctrine of comity the Texas court should have taken cognizance of the Connecticut action and injunctions and refused to entertain jurisdiction of the controversy.

By these points appellant does not attempt to assert the existence of a prior final judgment of a sister state and thereby invoke the protection of the Full Faith and Credit provision of our Federal Constitution. Instead, she seeks to apply the familiar doctrine of comity.

Comity has frequently been defined as the recognition that one sovereignty allows within its territory to the legislative, executive, or judicial act of another sovereignty, having due regard to the rights of its own citizens. The rationale of the doctrine is founded on mutual interest, conscience and moral necessity to do justice in order that justice may be done in return. 12 Tex.Jur.2d Conflict of Laws, § 2, p. 304. Comity is not a matter of right. The doctrine does not stand boldly clad in the armor of unyielding obedience but is rather arrayed in vestments of persuasion. Being voluntary and not obligatory, the application of comity vests in the sound discretion of the tribunal of the forum.

The prevailing rule in Texas has been aptly stated in Mills v. Howard, 228 S.W.2d 906, Civ.App., as follows:

"While, as we have said, the pendency of a prior suit involving the same parties and subject matter strongly urges the court of the local forum to stay the proceedings pending determination of the prior suit, yet the rule is not mandatory upon the court nor is it a matter of right to the litigant. It is, after all, a matter resting within the sound discretion of the court."

A resolution of the question of abuse of discretion in such a case necessarily demands a close inspection of the two pending actions. To secure the abatement of a subsequent suit because of the pendency of a prior one it is, as a general rule, necessary that the two suits involved in the same cause of action, concern the same subject matter, involve the same issues, and seek the same relief. 1 Tex.Jur. 2d, § 34, pp. 56–57. "One test to determine whether causes of action are identical is to ascertain whether the parties could obtain all the relief in the prior suit that they would be entitled to in the subsequent action." 1 Tex.Jur.2d, § 35, p. 59. Appellant, while candidly conceding that the action maintained by her in Connecticut is not a divorce action but one for separate maintenance under the Connecticut statute, contends that the parties are identical and that there is such a similarity of issues as to call into play the doctrine of comity. We cannot agree with appellant in this regard. The action pending and relief sought in the Connecticut court were not the same as that in the Texas court.

A very similar situation was presented to the El Paso Court of Civil Appeals in Perusse v. Perusse, 402 S.W.2d 931 (1966). In that case the parties had been married in New York and the husband moved to

Texas and filed an action for divorce in the Texas court. The wife instituted a divorce proceeding in the circuit court in Maryland wherein she sought a divorce "*a mensa et thoro*" pursuant to the provisions of Art. 16, Sec. 25 of the Annotated Code of Maryland. The wife filed her plea in abatement in the Texas action seeking to have the Texas divorce proceeding abated because of the pendency of the Maryland proceeding. The plea in abatement was sustained by the District Court and the Court of Civil Appeals, after reviewing the authorities, reversed and rendered the judgment thereby holding that the doctrine of comity should not have been applied under the peculiar facts and circumstances of that case. Since the situation is so similar we quote from the opinion which we feel has application to this action:

"The record shows that at the time appellant filed his amended petition, which complied then with the residential requirements for a divorce suit in Texas, the appellee had filed for a divorce 'a mensa et thoro' in Maryland which, according to the references in the record here, is actually, viewed from a Texas standpoint, a legal separation and not an absolute divorce. For example, neither party can re-marry, and for other purposes, such as adultery, both parties are considered to be still married. Therefore, the plea in abatement filed attempted to abate a suit in Texas which was for a complete and final divorce, on the basis that a suit for legal separation had been filed in Maryland. It has long been held that a cause may be abated only where both actions or causes of action are the same and ask for the same relief. 1 C.J.S. Abatement and Revival § 40; 1 Tex.Jur.2d, Abatement and Revival, § 34; Payton v. Hurst Eye, Ear, Nose & Throat Hosp. & Clinic (Tex.Civ.App.), 318 S.W.2d 726 (reh. den.); Hatten v. City of Houston (Tex. Civ.App.), 373 S.W.2d 525 (err. ref., n. r. e.). A full and complete divorce comparable to that sought by appellant in

Texas is described by the Maryland laws as a divorce 'a vinculo matrimonii'. It is clear, therefore, that at the time the court here heard the matters involved, and issued its two orders, that the appellee in the Maryland court had not filed or asked for anything more than a 'bed and board' legal separation. This, in our opinion, would not suffice to abate the complete divorce decree asked for by appellant. This matter is well set out in 31 A.L.R. 2d 442, which states the following at page 447:

"'On the other hand, the pendency of action between the same parties for separation on the ground of abandonment and nonsupport was held not to bar an action for absolute divorce in Hall v. Hall (1912) 150 AppDiv 688, 135 NYS 741. The decision was rested on the ground, among others, that "the two actions are brought on different grounds for different relief," the court relying upon Conrad v. Conrad (1908) 124 AppDiv 780, 109 NYS 387, where it was held that it was not proper to unite in the same complaint a cause of action for absolute divorce and one for separation on the ground of abandonment.

"'That an action for an absolute and one for a limited divorce are based on different causes of action was also intimated in Cook v. Cook (1912) 159 NC 46, 74 SE 639, 40 LRA NS 83, Ann Cas 1914A 1137, infra, § 4, under heading "Where defendant in first action has not asked for affirmative relief."'

"Therefore, it seems clear to us, and we so hold, that at the time the court signed its final order abating the suit in Texas (the date of which was December 10, 1965), there was no suit filed anywhere legally comparable to the one pending in El Paso County."

Appellee places great reliance upon the opinion of the Court of Civil Appeals in Evans v. Evans, 186 S.W.2d 277 but a

close examination of that case clearly illuminates the distinguishing features which render the decision inapplicable here. In that case the husband instituted an action for divorce in the State of Ohio and then moved to Texas where he instituted another suit for divorce, seeking the same relief. Moreover, in the Evans case plaintiff left his property in Ohio and had none in Texas at the time he filed the second action. The Texas court held that Evans, having chosen the forum, should have continued to proceed therein to final judgment rather than seek relief in the Texas action. In this suit appellee did not institute the Connecticut action. He came to Texas, as he had a perfect right to do, bringing with him his property, established a residence here and proceeded to file a suit for a divorce pursuant to Texas law.

Appellant advances the argument that since the appellee husband violated the anti-suit injunctions issued in the Connecticut court that he may not now be protected by Texas law. As stated in the recitation of the facts above, the first anti-suit injunction issued in the Connecticut court was against appellee proceeding any further with the suit he had filed in Texas in the Juvenile Court seeking an annulment. Appellee did not violate this injunction but proceeded no further with the prosecution of the annulment action. The second anti-suit injunction issued in the Connecticut court was granted subsequent to the issuance and service of the Texas anti-suit injunction restraining appellant from proceeding further with interference of the prosecution of the Texas divorce action. Moreover, the record discloses that the Connecticut injunction was issued ex parte with no notice being served upon appellee. Under these circumstances we see no merit in appellant's contention relating to this phase of the case. Moreover, we have heretofore pointed out the dissimilarity of the two actions pending in Connecticut and Texas.

It has often been held to be improper to enjoin a bona fide resident of another state from prosecuting an action for divorce in the state of his residence. Stultz v. Stultz, 15 N.J. 315, 104 A.2d 656; Brown v. Brown, 24 N.J.Super. 198, 93 A.2d 616; Usen v. Usen, 136 Me. 480, 13 A.2d 738, 128 A.L.R. 1449; Garvin v. Garvin, 302 N.Y. 96, 96 N.E.2d 721; Kleinschmidt v. Kleinschmidt, 343 Ill.App. 539, 99 N.E.2d 623; 27A C.J.S., Divorce, § 103, p. 358; 128 A.L.R. 1480.

We are convinced, and so hold, that the Texas court did not abuse its discretion in denying appellant her plea to the jurisdiction and plea in abatement. Simply stated, the Connecticut court did not have jurisdiction of these parties in any action for divorce. Appellee had ceased to be a resident of Connecticut for more than a year before he moved to Texas and became a resident of this state. That he had a right to leave Connecticut and move to any state of his choice cannot be denied. Appellee had every right in law to institute and prosecute an action for divorce in accordance with the laws of his new domicile. Appellant's points 1 through 6 inclusive are overruled.

By her points of error 7 through 13 appellant contends that there was no evidence, or that the evidence was wholly insufficient, to establish the necessary residential requirements of appellee in Texas so as to give the trial court jurisdiction over either appellant or appellee. She also contends that the answer of the jury to Special Issue No. 1 to the effect that appellee had established residence in Texas was not supported by the evidence or was contrary to the great weight and preponderance thereof.

In support of these points appellant points to the fact that plaintiff's original petition was filed on March 15, 1965 and that in such petition appellee had alleged that he was a resident of the State of Texas for twelve months and the City of Dallas six months immediately preceding the in-

stitution of the suit. Appellant contends that the testimony shows that plaintiff came to Dallas on February 12, 1964 and remained here for two and a half days before returning to New York. He returned to Dallas in March 1964 and left again in April and did not return until May. He returned to New York in June and did not return to Dallas until March 1965. Appellant contends that appellee spent approximately ten months in New York City during the year 1964 and in New York City for three months in 1965, during which time he stayed in the George Washington Hotel.

As opposed to appellant's contention, appellee contends, and the record demonstrates, that he moved to Texas on February 12, 1964 and rented an apartment, executing a lease for one year. Thereafter he instituted proceedings to transfer a trust of which he was trustee from Boston, Massachusetts to the First National Bank in Dallas. Appellant testified, and such testimony was corroborated by other witnesses, that when he came to Texas he intended to make Texas his permanent residence; that he actually moved his property here, opened a bank account here; qualified to vote here, joined organizations here and did many things demonstrating his bona fide intent to reside in Dallas. He testified that he had reasons for temporary absences from the state, one because of litigation pending against him in Connecticut, it was necessary for him to spend large amounts of time in the vicinity of New York City conferring with attorneys, preparing for court hearings, testifying at hearings, etc.; and secondly, it was necessary that he be in New York City on a number of occasions to receive medical treatment and examinations in connection with a personal injury claim against the City of New York. Moreover, he testified to necessary trips to New York in connection with his business of writing, teaching and publishing.

Though he filed his original petition for divorce on March 15, 1965 the same was amended on December 6, 1965 and the residential issue, being Special Issue No. 1, was submitted to the jury as to whether or not appellant had been a bona fide inhabitant of the State of Texas for a period of twelve months immediately preceding December 6, 1965. To this the jury answered "Yes".

■ The trial court correctly limited the special issue regarding residence to the period of one year immediately preceding December 6, 1965, the date of the filing of appellee's amended petition for divorce. Ingram v. Ingram, Tex.Civ.App., 380 S.W. 2d 666; Myers v. Myers, Tex.Civ.App., 210 S.W.2d 832; Coleman v. Coleman, Tex.Civ. App., 20 S.W.2d 813; Bateman v. Bateman, Tex.Civ.App., 188 S.W.2d 866; Whitsett et al. v. Whitsett, Tex.Civ.App., 201 S.W.2d 114; 20 Tex.Jur.2d, Divorce and Separation, § 62, p. 407.

■ The question presented is not one of jurisdiction but relates to the statutory qualifications of a litigant to maintain a suit for divorce. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198.

■ In determining the sufficiency of the evidence to support the jury's affirmative answer to Special Issue No. 1 relating to the residential requirement we have carefully considered all of the evidence adduced by both appellant and appellee. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Having done so, we find that the same is conflicting but such conflict has been resolved by jury verdict. We cannot say that the answer of the jury is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong or unjust. Accordingly, we cannot disturb the jury verdict nor the action of the trial court in rendering judgment thereon. Appellant's points 7 through 13 are overruled.

Finding no merit in any of appellant's points of error the same are overruled and the judgment of the trial court is affirmed.

Affirmed.