NUMBER 13-08-00438-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

BINA SHAHANI, Appellant,


v.


AZHAR SAID, Appellee.

 


On appeal from the 398th District Court 

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


 Memorandum Opinion by Chief Justice Valdez
 

 This is an appeal from a decree ordering the annulment of the marriage between
appellant, Bina Shahani, and appellee, Azhar Said. We modify the decree of annulment,
and as modified, affirm.


 I. Background


 Shahani and Said were married in Santa Fe, New Mexico, on December 21, 2004. 
On August 4, 2007, in New Mexico, Said sued Shahani for fraud and conversion. Shahani
answered the suit and counterclaimed for divorce. The New Mexico court entered
temporary and interim domestic and support orders. This lawsuit (the "New Mexico
litigation") will be discussed more fully herein. 

 On September 26, 2007, Said filed an action for annulment in Texas (the "Texas
litigation"). Shahani filed a plea in abatement based on the New Mexico litigation, claiming
that "the issues and parties in the case . . . are the same as those in this action." Shahani
also filed an amended special appearance on grounds that she was a resident of New
Mexico and the court lacked personal jurisdiction or subject matter jurisdiction under
sections 6.305 and 6.306 of the Texas Family Code. See generally Tex. Fam. Code Ann.
§§ 6.305, 6.306 (Vernon 2006). 

 On March 13, 2008, the New Mexico court granted the divorce in an interlocutory
order. On April 14, 2008, the Texas court granted annulment of the marriage. This appeal
ensued. Shahani raises five issues, contending that: (1) the Texas court lacked subject
matter jurisdiction because litigation involving the same parties and issues was pending
in New Mexico litigation; (2) the Texas court lacked in personam jurisdiction; (3) the Texas
forum was inconvenient in light of travel constraints and the unavailability of witnesses; (4)
the annulment is not supported by the evidence; and (5) Texas and New Mexico public
policy do not allow annulment under these circumstances.

II. The New Mexico Litigation


 In her first issue, Shahani alleges that the Texas court lacked subject matter
jurisdiction because litigation involving the same parties and issues was pending in New
Mexico. (1)

 As an initial matter, we note that Shahani couches her argument and utilizes
authority applying the doctrine of dominant jurisdiction. However, the doctrine of dominant
jurisdiction does not apply to suits pending in other states. See Ex parte Jabara, 556
S.W.2d 592, 596 (Tex. Civ. App.-Dallas 1977, orig. proceeding). Rather, we apply the
doctrine of comity, which, while not a constitutional obligation, is "a principle of mutual
convenience whereby one state or jurisdiction will give effect to the laws and judicial
decisions of another." In re AutoNation, Inc., 228 S.W.3d 663, 670 (Tex. 2007) (orig.
proceeding) (quoting Gannon v. Payne, 706 S.W.2d 304, 306 (Tex. 1986)). When a matter
is first filed in another state, the general rule is that Texas courts stay the later-filed
proceeding pending adjudication of the first suit. See id.

 However, the mere pendency of a prior suit in one state cannot be pleaded in
abatement or in bar to a subsequent suit in another, even though both suits are between
the same parties and involve the same subject matter. In re State Farm Mut. Auto. Ins.
Co., 192 S.W.3d 897, 902 (Tex. App.-Tyler 2006, orig. proceeding); Evans v. Evans, 186
S.W.2d 277, 279 (Tex. App.-San Antonio 1945, no writ). The reason for the rule is that
every state is entirely sovereign and unrestricted in its powers, whether legislative, judicial,
or executive, and each state therefore does not acknowledge the right of any other state
to hinder its own sovereign acts or proceedings. State Farm Mut. Auto. Ins. Co., 192
S.W.3d at 902; Mills v. Howard, 228 S.W.2d 906, 907 (Tex. App.-Amarillo 1950, no writ). 
Where identical suits are pending in different states, the principle of comity generally
requires the later-filed suit to be abated. VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84
(Tex. 1993) (per curiam); State Farm Mut. Auto. Ins. Co., 192 S.W.3d at 902; Mills, 228
S.W.2d at 908. It is generally appropriate for courts to apply the principle of comity where
another court has exercised jurisdiction over the matter and where the states agree about
the public policy at issue. Bryant v. United Shortline Inc. Assurance Services., N.A., 972
S.W.2d 26, 31 (Tex. 1998). 

 We review a trial court's decision regarding an issue of comity under an abuse of
discretion standard. State Farm Mut. Auto. Ins. Co., 192 S.W.3d at 902; see Nowell v.
Nowell, 408 S.W.2d 550, 553 (Tex. Civ. App-Dallas 1966, writ dism'd w.o.j.). To obtain
a stay of the later action, it is generally necessary that the two suits involve the same cause
of action, concern the same subject matter, involve the same issues, and seek the same
relief. State Farm Mut. Auto. Ins. Co., 192 S.W.3d at 902; Nowell, 408 S.W.2d at 553. 
One test to determine whether the causes of action are identical is to ascertain whether
the parties could obtain all the relief in the prior suit that they would be entitled to in the
subsequent action. State Farm Mut. Auto. Ins. Co., 192 S.W.3d at 902. Additional factors
include, but are not limited to: (1) which action was filed first; (2) whether the parties are
the same in both actions; and (3) the effect of a judgment in the later action on any order
or judgment entered in the prior action. See id. (citing Crown Leasing Corp. v. Sims, 92
S.W.3d 924, 927 (Tex. App.-Texarkana 2002, no pet.); Project Eng'g USA Corp. v. Gator
Hawk, Inc., 833 S.W.2d 716, 725 (Tex. App.-Houston [1st Dist.] 1992, no writ); Evans, 186
S.W.2d at 279).

 The New Mexico litigation, which was filed before the Texas litigation, was filed by
Abbasid, Inc., and its sole shareholder, Said, against Shahani and her cousin, Dina Advani,
based on allegations that Shahani and Advani misappropriated funds from a rug store
owned and operated by Abbasid, Inc. Abbasid, Inc. and Said alleged causes of action for
fraud, breach of fiduciary duty, conversion, aiding and abetting tortious acts, and civil
conspiracy. Shahani answered and filed counterclaims, a request for divorce, and third
party actions against Phoenician Imports, Inc., Manohar Patel, Anthony Sawtell, David
Osuna, and John Does 1-10, including causes of action for, inter alia, conversion,
intentional infliction of emotional distress, defamation, and racketeering. 

 The Texas litigation was filed by Said seeking annulment of his marriage to Shahani
based on grounds of fraud or duress. Both appellant and appellee assert that New Mexico
law does not permit the annulment of a marriage based on these grounds.

 While there are some similarities between the Texas and New Mexico lawsuits, we
cannot conclude that comity required abatement of the Texas litigation, as it would if the
lawsuits were identical. VE Corp., 860 S.W.2d at 84. The two lawsuits involve different
causes of action and different parties. See State Farm Mut. Auto. Ins. Co., 192 S.W.3d
at 902; Nowell, 408 S.W.2d at 553. Moreover, Said could not obtain his requested relief
of annulment in the New Mexico litigation. Accordingly, the trial court did not abuse its
discretion in refusing to stay the Texas litigation.

III. In Personam Jurisdiction


 In her second issue, Shahani alleges that the Texas court lacked personal 
jurisdiction over her. Under section 6.306 of the Texas Family Code, a suit for annulment
of a marriage may be maintained in this state only if the parties were married in this state
or if either party is domiciled in this state. See Tex. Fam. Code Ann. § 6.306(a). A suit for
annulment is a suit in rem, affecting the status of the parties to the marriage. See id. §
6.306(b). Personal jurisdiction over the respondent is not, therefore, required in order to
annul the marriage or declare it void. See id. 

 According to Shahani, Texas Family Code section 6.306 only gave the Texas court
in rem jurisdiction to grant an annulment, and the court lacked jurisdiction to make property
determinations. Id. A court may not make orders binding the respondent regarding
matters such as division of property outside the state, temporary alimony, child support,
and other personal obligations unless the respondent has at least minimum contacts with
Texas. See Shaffer v. Heitner, 433 U.S. 186, 199 (1977); Dawson-Austin v. Austin, 968
S.W.2d 319, 324-328 (Tex. 1998). 

 In the instant case, Said testified without contradiction that he was a resident of
McAllen, Texas and was domiciled there. The family code requires nothing more. See id. 
In terms of property division, the decree of annulment at issue provides that "no community
property other than personal property was accumulated during the existence of the
marriage, nor does any community property exist between AZHAR SAID and BINA
SHAHANI other than personal effects." Accordingly, as a whole, the order does not require
in personam jurisdiction over Shahani. However, the order also provides that "each party
take as his or her sole and separate property all the personal effects that are presently in
his or her possession," and further take "all the property that is presently lawfully in his or
her possession." To the extent that these portions of the order improperly affect property
determinations or divisions regarding property outside the state, we delete these provisions
of the decree. This issue is overruled in part and sustained in part.

IV. Forum Non Conveniens


 In her third issue, Shahani argues that the Texas forum was inconvenient in light of
travel constraints and the unavailability of witnesses. She contends that "her forum non
conveniens arguments raised in her special appearances were denied without an
evidentiary hearing." 

 Forum non conveniens is an equitable doctrine exercised by courts to prevent the
imposition of an inconvenient jurisdiction on a litigant. Exxon Corp. v. Choo, 881 S.W.2d
301, 302 (Tex. 1994). A trial court will exercise the doctrine of forum non conveniens when
it determines that, for the convenience of the litigants and witnesses and in the interest of
justice, the action should be instituted in another forum. See id. 

 This case involves an application of the common-law doctrine of forum non
conveniens. See generally Sarieddine v. Moussa, 820 S.W.2d 837, 840-41 (Tex.
App.-Dallas 1991, writ denied). Our standard of review is abuse of discretion. See id. at
841. The defendant bears the burden of raising the doctrine of forum non conveniens by
filing a motion to dismiss, and the defendant generally bears the burden of demonstrating
that the plaintiff's choice of forum should not be honored. Id.

 Shahani did not file a motion to dismiss based on forum non conveniens. Based on
Shahani's amended special appearance, the totality of Shahani's allegations to the trial
court regarding the application of the doctrine of forum non conveniens are:

 Further, if the Court finds that Texas is an inconvenient forum or that
Petitioner has engaged in conduct that causes this Court to decline
jurisdiction, Respondent asks that the Court require Petitioner to pay
necessary travel and other expenses, including attorney's fees . . . .

 

We conclude that Shahani failed to adequately present this issue to the trial court for its
consideration, and accordingly, we overrule this issue. See generally Tex. R. App. P. 33.1.

V. Annulment


 In her fourth issue, Shahani contends that the annulment is not supported by the
evidence. A trial court may grant an annulment of a marriage to a party to the marriage if
(1) the other party used fraud, duress, or force to induce the petitioner to enter into the
marriage; and (2) the petitioner has not voluntarily cohabited with the other party since
learning of the fraud or since being released from the duress or force. Tex. Fam. Code
Ann. § 6.107 (Vernon 1998). In the instant case, the trial court made findings and
conclusions that Shahani induced Said "to marry her by fraud and/or duress," and Said did
not cohabit with Shahani after learning of the fraud or being released from the duress or
force.

 A trial court's findings of fact are reviewed for legal and factual sufficiency of the
evidence under the same legal standards applied to review jury verdicts for legal and
factual sufficiency of the evidence. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); M.D.
Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). In considering
whether the evidence is legally sufficient, we consider only the evidence and inferences
tending to support the trial court's findings and disregard all evidence to the contrary. M.D.
Anderson, 806 S.W.2d at 794-95. We must consider evidence in the light most favorable
to the trial court's findings and indulge every reasonable inference that would support them.
See City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005). In our review, we must
credit favorable evidence if a reasonable trier of fact could, and disregard contrary
evidence unless a reasonable trier of fact could not. See id. at 827. However, we must
not substitute our judgment for that of the trial court as long as the evidence falls within the
zone of reasonable disagreement. See id. at 822.

 In reviewing factual sufficiency, we must weigh all of the evidence in the record.
Ortiz, 917 S.W.2d at 772. Findings may be overturned only if they are so against the great
weight and preponderance of the evidence as to be clearly wrong and unjust. Id. 
However, when the appellate record contains a reporter's record, findings of fact are not
conclusive on appeal if the contrary is established as a matter of law or if there is no
evidence to support the finding. Material P'ships, Inc. v. Ventura, 102 S.W.3d 252, 257
(Tex. App.-Houston [14th Dist.] 2003, pet. denied).

 We review the trial court's conclusions of law de novo. Id. The standard of review
for conclusions of law is whether they are correct. Id. We will uphold conclusions of law
on appeal if the judgment can be sustained on any legal theory the evidence supports. Id.
Thus, incorrect conclusions of law do not require reversal if the controlling findings of fact
support the judgment under a correct legal theory. Id. 

 In the instant case, testimony before the trial court indicated that Shahani married
Said for financial gain and so she could remain in the United States on a marriage visa. 
Witnesses testified that Shahani began stealing from Said and the store prior to their
marriage and that she continued committing theft by fraud after the marriage. The trial
court may have inferred from the testimony of the witnesses that Shahani married Said to
obtain greater access to his funds.

 A witness testified that Shahani told her that she had "tricked" Said into marrying her
and that Shahani "needed" to marry a "rich man." Shahani openly dated other men during
the marriage, and represented to others that Said was like a "father" to her, or told them
that Said was her uncle. Further, Shahani told Said that she would abort their unborn son
if he did not marry her, although she was not pregnant at the time. 

 Shahani presented no evidence refuting the foregoing testimony. Said testified that
he did not live with Shahani after he discovered the fraud. 

 Based on the foregoing, the trial court had before it sufficient evidence to support
the trial court's finding that Shahani induced Said to marry her "in order to convert funds
. . . among other reasons." There was legally and factually sufficient evidence from which
to grant the annulment. We overrule Shahani's fourth issue.

VI. Public Policy


 In her fifth and final issue, Shahani alleges that Texas and New Mexico public policy
do not allow annulment under these circumstances. Shahani contends that "Texas
recognizes a very strong presumption, the strongest known to law, in favor of the validity
of marriage," and that New Mexico does not recognize fraud as a ground for annulment.

Because Shahani failed to raise this argument to the trial court, she has not preserved
error. See Tex. R. App. P. 33.1(a). 

VII. Conclusion


 Having sustained, in part, Shahani's second issue, we modify the final decree of
annulment to delete the sections providing that "each party take as his or her sole and
separate property all the personal effects that are presently in his or her possession," and
further take "all the property that is presently lawfully in his or her possession," to the extent
that these portions of the order improperly attempt to affect property determinations or
divisions regarding property outside the state. We affirm the decree as modified. See Tex.
R. App. P. 43.2(b).

 ROGELIO VALDEZ

 Chief Justice

 


Memorandum Opinion delivered and 

filed on this the 18th day of June, 2009. 
1. Shahani raised the issue of the New Mexico litigation in a "plea in abatement;" however, a stay is
the proper form of relief when two identical suits are filed in different states and the principle of comity is
invoked. In re State Farm Mut. Auto. Ins. Co., 192 S.W.3d 897, 902 (Tex. App.-Tyler 2006, orig. proceeding);
Evans v. Evans, 186 S.W.2d 277, 278-9 (Tex. App.-San Antonio 1945, no writ). The distinction is not,
however, relevant to our analysis.