Petition
for Writ of Mandamus Conditionally Granted and Opinion filed August 3, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-10-00424-CV



 

In Re BP Oil Supply Company,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



OPINION

On May 13, 2010, relator, BP Oil Supply Company,
filed a petition for writ of mandamus in this court.  See Tex. Gov’t
Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the
petition, BP asks this court to compel the Honorable Alexandra Smoots-Hogan,
presiding judge of the 164th District Court of Harris County, to set aside her
order denying BP’s motion to dismiss, or in the alternative, to stay.  We
conditionally grant the petition.

I

            The
underlying dispute relates to a buy-sell agreement[1]
between BP and the real party in interest, ConocoPhillips Company.  The
agreement required BP to deliver 54,000 barrels per day of Heavy Louisiana
Sweet crude oil to ConocoPhillips in Empire, Louisiana, and required
ConocoPhillips to deliver 54,000 barrels per day of West Texas Intermediate
crude oil to BP in Cushing, Oklahoma.  Due to Hurricanes Gustav and Ike, BP
failed to deliver the required volumes of crude oil to ConocoPhillips in August
and September 2008.  Instead, BP made its August and September deliveries in
November 2008.  ConocoPhillips then paid the November 2008 price for the
delayed deliveries, rather than the August and September 2008 prices.  BP
alleges that because the market price dropped significantly between August and
November 2008, ConocoPhillips’ refusal to pay the August and September 2008
prices damaged BP in the amount of more than $50 million.  ConocoPhillips, on
the other hand, asserts that paying the August and September 2008 prices would
have resulted in a windfall to BP.

            The
parties unsuccessfully mediated their dispute before either filed suit.  At
12:02 p.m (CST), on November 4, 2009, BP filed a breach-of-contract action
against ConocoPhillips in Delaware state court, seeking more than $50 million
in damages.  That same day, at 5:40 p.m. (CST), ConocoPhillips filed a
declaratory-judgment action in the 164th District Court in Harris County seeking
a declaration that it did not breach the buy-sell agreement and asserting a
claim for breach of the duty of good faith and fair dealing.  

            On
November 2, ConocoPhillips moved to dismiss or, alternatively, to stay the
Delaware case for forum non conveniens.  BP filed its own motion to dismiss or,
alternatively, to stay the Texas case on December 7.  

            The
hearing in the Delaware case took place on January 12, 2010; on February 25,
the Delaware court denied ConocoPhillips’ motion to dismiss.  See BP Oil
Supply Co. v. ConocoPhillips Co., C.A. No. N09C-11-028, 2010 WL 702382
(Del. Super. Feb. 25, 2010).  The Harris County trial court set BP’s motion to
be heard on January 22.  However, on January 20 BP requested that the hearing
be reset for February 26, and on February 23 requested that the hearing be
reset again for March 26.  The trial court heard and denied BP’s motion to
dismiss or, alternatively, to stay at the March 26 hearing.  

            At
a scheduling conference on April 12, the Delaware court entered an order
setting its case for trial on March 21, 2011.  The Texas trial court also issued
a docket control order on April 12 setting its case for trial on November 1,
2010.  

II

To be entitled to the extraordinary relief of a writ
of mandamus, the relator must show that the trial court abused its discretion
and there is no adequate remedy by appeal.  In re Laibe Corp., 307
S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam).  A trial court
abuses its discretion if it reaches a decision so arbitrary and unreasonable as
to constitute a clear and prejudicial error of law, or if it clearly fails to
correctly analyze or apply the law.  In re Columbia Med. Ctr. of Las Colinas,
306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding) (per curiam); In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig.
proceeding) (per curiam).  In determining whether appeal is an adequate remedy,
we consider whether the benefits outweigh the detriments of mandamus review.  In
re BP Prods. N. Am., Inc., 244 S.W.3d 840, 845 (Tex. 2008) (orig.
proceeding).

Abuse of
Discretion

            BP
argues that the trial court abused its discretion by denying BP’s motion
because principles of comity require deference to the first-filed Delaware case
and that the later-filed Texas case be stayed.  “Our federal system benefits
from a measure of state-to-state comity, which, while not a constitutional
obligation, is a ‘principle of mutual convenience whereby one state or
jurisdiction will give effect to the laws and judicial decisions of another.’” 
In re AutoNation, Inc., 228 S.W.3d 663, 670 (Tex. 2007) (orig.
proceeding) (quoting Gannon v. Payne, 706 S.W.2d 304, 306 (Tex. 1986)); see
also Nowell v. Nowell, 408 S.W.2d 550, 553 (Tex. Civ. App.—Dallas 1966,
writ dism’d) (“Comity has frequently been defined as the recognition that one
sovereignty allows within its territory to the legislative, executive, or
judicial act of another sovereignty, having due regard to the rights of its own
citizens.”).  

            The
mere pendency of a prior suit in one state cannot be pleaded in abatement or in
bar to a subsequent suit in Texas, even though both suits are between the same
parties and involve the same subject matter.  In re State Farm Mut. Auto.
Ins. Co., 192 S.W.3d 897, 900 (Tex. App.—Tyler 2006, orig. proceeding)
(citing Evans v. Evans, 186 S.W.2d 277, 279 (Tex. Civ. App.—San Antonio
1945, no writ)); Project Eng’g USA Corp. v. Gator Hawk, Inc., 833 S.W.2d
716, 724 (Tex. App.—Houston [1st Dist.] 1992, no writ).  Texas is entirely
sovereign and unrestricted in its powers, whether legislative, judicial, or
executive, and it does not acknowledge the right of any other state to hinder
its own sovereign acts or proceedings.  In re State Farm Mut. Auto. Ins. Co.,
192 S.W.3d at 901 (citing Mills v. Howard, 228 S.W.3d 906, 907 (Tex. Civ.
App.—Amarillo 1950, no writ)); see also Crown Leasing Corp. v. Sims, 92
S.W.3d 924, 927 (Tex. App.—Texarkana 2002, no pet.) (“Courts of sister states
are considered foreign to each other, and a suit pending in another state may
not be pleaded in abatement of another suit involving the same subject matter
brought in another state.”).  

            When
a matter is first filed in another state, the general rule is that Texas courts
stay the later-filed proceeding pending adjudication of the first suit.  In
re AutoNation, Inc., 228 S.W.3d at 670.  It is generally appropriate for
courts to apply principles of comity where another court has exercised
jurisdiction over the matter and where the states agree about the public policy
at issue.  In re State Farm Mut. Auto. Ins. Co., 192 S.W.3d at 901
(citing Bryant v. United Shortline Inc. Assurance Servs, N.A., 972
S.W.2d 26, 31 (Tex. 1998)).  Once stayed, the later action remains pending
until the judgment in the prior action becomes final.  Id. (citing Bryant,
972 S.W.2d at 31).  “It is a salutary rule because, if the determination of the
suit in the foreign jurisdiction is in favor of the plaintiff there, he may
plead it in bar of the local action.  On the other hand, if he is the loser in
the foreign suit, the plaintiff in the local action necessarily is the
prevailing party in the foreign suit and further litigation on his part is not
necessary.”  Mills, 228 S.W.2d at 908.  

            A
resolution of the abuse-of-discretion question demands a close inspection of
the two pending actions.  In re State Farm Mut. Auto. Ins. Co., 192
S.W.3d at 901 (citing Nowell, 408 S.W.2d at 553).  To obtain a stay of
the later action, it is, as a general rule, necessary that the two suits
involve the same cause of action, concern the same subject matter, involve the
same issues, and seek the same relief.  Id. (citing Nowell, 408
S.W.2d at 553).  One test to determine whether the causes of action are
identical is to ascertain whether the parties could obtain all the relief in
the prior suit that they would be entitled to in the subsequent action.  Id.
(citing Nowell, 408 S.W.2d at 553).  Additional factors include, but are
not limited to (1) which action was filed first; (2) whether the parties are
the same in both actions; and (3) the effect of a judgment in the later action
on any order or judgment entered in the prior action.  Id.  

            Here,
the Delaware case was filed first.  The two cases involve the same parties, the
same subject matter, and same contract, implicating the Uniform Commercial Code.
 The Delaware court was the first to exercise jurisdiction over the parties and
subject matter of this case.  A judgment in the Texas case would render the
Delaware court’s order denying ConocoPhillips’ motion to dismiss moot.  Moreover,
because of the earlier trial setting, the Harris County trial court will likely
try the underlying case first, and BP’s choice of forum will be lost.  

            ConocoPhillips
argues that a Texas court should extend comity to another state only when the
other state would do the same for Texas.  Under the principle of mutual convenience,
Texas will recognize the laws and judicial decisions of other states, expecting
that those states will extend Texas the same consideration.  K.D.F. v. Rex,
878 S.W.2d 589, 593–94 (Tex. 1994) (orig. proceeding).  Because comity is
grounded in cooperation and mutuality, Texas should not extend comity to
another state so long as that state declines to extend comity to Texas or other
states under the same or similar circumstances.  Id. at 594.  Nevertheless,
“[i]n the absence of a clear indication to the contrary, we will treat [another
state] as a cooperative jurisdiction.  Texas will extend comity to the law of a
cooperative jurisdiction so long as that law does not violate Texas public
policy.”  Id. at 595.  

            Under
Delaware law, where one of two competing actions is filed before the other, the
first-filed action is generally entitled to preference.[2] 
However, where two cases are filed within a short time of each other Delaware
does not apply a first-filed preference, but instead treats them as
contemporaneously filed for purposes of forum non conveniens.[3]
 In this case, the Delaware court found that the two actions were
contemporaneously filed and considered ConocoPhillips’s motion to dismiss under
the doctrine of forum non conveniens.[4] 
BP Oil Supply Co., 2010 WL 702382, at *2.  Because ConocoPhillips could
not meet the Delaware standard of forum non conveniens, the Delaware court
denied its motion to dismiss. [5] 
Id. at *3.  

            ConocoPhillips
contends that, under the unique facts of this case, Delaware would not extend
comity to Texas if the Texas case had been filed a few hours earlier than the
Delaware case because the cases would be considered contemporaneously filed,
and the Delaware court would then address the motion to dismiss or stay as a
matter of forum non conveniens.  Therefore, according to ConocoPhillips, the Texas
trial court reached the same decision that the Delaware court would have
reached had the situation been reversed.  

            But
for the trial court to refuse to extend comity, it must find a “clear
indication” that Delaware is not a cooperative jurisdiction.  K.D.F.,
878 S.W.2d at 595.  There is no such “clear indication” in the record below.  Extending
comity to Delaware to try the breach of contract case would not violate Texas
policy.  To the contrary, extending comity to Delaware by staying the Texas
case advances Texas public policy because it adheres to our well-established
first-filed rule.  We recognize that we would face a more difficult dilemma if
the Texas case had been filed first; it is not clear that Delaware would have
extended comity in that situation.  But we do not encounter that problem under
these facts.

            Moreover,
ConocoPhillips’ non-liability declaratory-judgment action is merely a mirror-image
of the Delaware breach-of-contract action.  Texas public policy does not favor
the pursuit of a declaratory action when a previously filed liability action
already addresses the same issues.  “An action for declaratory judgment will not
be entertained if there is pending, at the time it is filed, another action or
proceeding between the same parties and in which may be adjudicated the issues
involved in the declaratory action.”  Tex. Liquor Control Bd. v. Canyon
Creek Land Corp., 456 S.W.2d 891, 895 (Tex. 1970); see also BHP
Petroleum Co. v. Millard, 800 S.W.2d 838, 841 (Tex. 1990) (orig.
proceeding) (“The Declaratory Judgments Act is ‘not available to settle
disputes already pending before a court.’”); Abor v. Black, 695 S.W.2d
564, 566 (Tex. 985) (orig. proceeding) (holding trial court should have
declined to exercise jurisdiction over suit seeking declaration of
non-liability for tort because it deprived real plaintiff of traditional right
to choose time and place of suit); Space Master Int’l, Inc. v. Porta-Kamp
Mfg. Co., 794 S.W.2d 944, 948 (Tex. App.—Houston [1st Dist.] 1990, no writ)
(holding trial court did not abuse discretion in dismissing later-filed Texas
declaratory judgment involving same parties and issues as earlier filed New
Jersey state case and Massachusetts federal case “[b]ased on considerations of
comity and the unique nature of declaratory judgments”).

            ConocoPhillips
contends that Texas courts disfavor declaratory-judgment actions in tort cases,
not in breach-of-contract cases where there is no “real” plaintiff.  See MBM
Fin. Corp. v. Woodlands Operating Co., L.P., 292 S.W.3d 660 (Tex. 2009).  In
MBM Financial, the Texas Supreme Court stated:

[T]he “real plaintiff” and the “traditional right to choose
the time and place of suit” are materially different in contract and tort
cases.  The “real” plaintiff in a tort action is the injured party, yet both
parties often suffer injury if a contract collapses.  When each party claims
the other breached (as is usually the case), it is hard to say who ought to be
the “real” plaintiff.  Here, for example, why should MBM get to choose the time
and place of suit rather than Woodlands?  The [Declaratory Judgment] Act itself
specifically contemplates declarations that are negative (non-liability) as
well as affirmative (liability).  And historically, declarations of
non-liability have been among the most common suits filed under the Act,
including . . . suits by a party to declare non-liability for higher or additional
payments.  Extending the bar against declarations of non-liability from tort to
contract cases would drastically handicap declaratory-judgment practice in
Texas.

Id.
at 668.  

            But
this case is not like MBM Financial.  Unlike the contract at issue in MBM
Financial, the contract in this case was not terminated.  BP is the only
party seeking affirmative relief and, therefore, is the “real plaintiff” in
this case.[6]
 Cf. BHP Petroleum Co., 800 S.W.2d at 842 (holding that declaratory-judgment
counterclaim was more than mere denial of plaintiff’s causes of action and
stated a cause of action on which defendant could recover if plaintiff
abandoned, or failed to establish, its causes of action).  Moreover, the
declaratory-judgment action in MBM Financial was not the mirror image of
a first-filed breach-of-contract case in another state.  Instead, the
declaratory-judgment action in MBM Financial was “tacked onto a standard
suit” as a vehicle for recovering attorney’s fees.  Id. at 670.  MBM
Financial does not displace the first-filed rule or the plaintiff’s choice
of forum in a breach-of-contract action when the second-filed declaratory-judgment
action is a mirror image of the first-filed claim for affirmative relief.  See
Space Master Int’l, Inc., 794 S.W.2d at 948.[7] 


            For
the foregoing reasons, we conclude that the trial court abused its discretion by
not extending comity to Delaware and staying the underlying action pending the
resolution of the first-filed Delaware suit.  

No Adequate Remedy by Appeal

            Having
determined that the trial court abused its discretion, we must inquire whether
BP has an adequate remedy by appeal.  By setting the case for trial on November
1, 2010, the trial court has made it likely that the Texas case will be tried
before the Delaware case.  If the Texas case proceeds to trial and BP prevails,
it will not appeal, and its right to a stay is lost forever.[8] 
See In re State Farm Mut. Auto. Ins. Co., 192 S.W.3d at 903.  If
ConocoPhillips prevails in the Texas case, BP cannot obtain a reversal for the
incorrect denial of a stay unless the court of appeals concludes that the error
complained of probably caused the rendition of an improper judgment.  See id.
(quoting In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 138 (Tex.
2004) (orig. proceeding) (quoting Tex. R. App. P. 44.1(a)(1)).  Even if BP could
somehow obtain reversal based on the denial of its motion, its right to a stay
could not be recovered.  See id.    

            ConocoPhillips
argues that BP has not shown that it does not have an adequate remedy by
appeal.  Were the roles reversed, ConocoPhillips complains, Delaware would not
extend comity to Texas.  Therefore, the benefit of extending comity—reciprocity—would
not be achieved, and the disruption and delay caused by mandamus review would
outweigh any benefit in granting BP’s petition.  But it remains that
ConocoPhillips has not shown that Delaware is an uncooperative jurisdiction,
that the Delaware court hearing the breach-of-contract action under Texas law
violates the public policy of this State, or why we should abandon Texas’
long-standing preference for first-filed cases.  We conclude that BP does not
have an adequate remedy by appeal.  

* * *

We hold that the trial court abused its discretion by
refusing to stay the underlying case pending the conclusion of the Delaware
case, and that BP does not have an adequate remedy by appeal.  Accordingly, we
conditionally grant the petition for writ of mandamus and direct the trial
court to (1) set aside its order of March 26, 2010, denying BP’s motion to
dismiss, or in the alternative, to stay, and (2) enter an order that grants
BP’s motion to stay and stays the proceedings until entry of final judgment in
the Delaware case.  The writ will issue only if the trial court fails to act in
accordance with this opinion.

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Brown,
Sullivan, and Christopher.









[1] By its
express terms, the agreement is to be construed under Texas law.





[2] See
McWane Case Iron Pipe Corp. v. McDowell-Wellman Eng’g Co., 263 A.2d 281,
283 (Del. 1970) (“As a general rule, litigation should be confined to the forum
in which it first commenced, and a defendant should not be permitted to defeat
the plaintiff’s choice of forum in a pending suit by commencing litigation
involving the same cause of action in another jurisdiction of its own
choosing.”).  





[3] In re
Citigroup S’holder Derivative Litig., 964 A.2d 106, 116 (Del Ch. 2009)
(holding two actions were contemporaneously filed where they were filed three
days apart); Sprint Nextel Corp. v. iPCS, Inc., C.A. No. 3746, 2008 WL
4516645, at *2 (Del. Ch. Oct. 8, 2008) (holding two actions were
contemporaneously filed when they were filed three business days apart); In
re Bear Stearns Cos. S’holder Litig., C.A. 3643, 2008 WL 959992, at *5
(Del. Ch. Apr. 9, 2008) (finding complaints were contemporaneously filed where
they were filed three days apart); Azurix Corp. v. Synagro Techs., Inc.,
C.A. No. 17509, 2000 WL 193117, at *3–4 (Del. Ch. Feb. 3, 2000), appeal
refused, 748 A.2d 406 (Del. Super. 2009) (Table) (finding two actions to be
contemporaneously filed where first was filed at 4:28 p.m., on Friday, and
second was filed early following Monday morning); Am. Guar. & Liab. Ins.
Co., v. Intel Corp., C.A. No. 09C-01-170, 2009 WL 2589597, at *8 (Del.
Super. July 24, 2009), appeal denied, 2009 WL 2581875 (Del. Super. Aug.
20, 2009) (finding two actions contemporaneously filed where they were filed
thirteen hours apart).  





[4] To
justify dismissal for forum non conveniens under Delaware law, the movant must
demonstrate that litigation in Delaware would cause “overwhelming hardship.”  BP
Oil Supply Co., 2010 WL 702782, at *2.  To justify a stay, the movant need
only demonstrate that the preponderance of applicable forum factors “tips in
favor” of litigating the dispute in the non-Delaware forum.  Id. 
However, where a stay would have the same ultimate effect as dismissal, the
more stringent “overwhelming hardship” standard applies.  Id.  “[A] stay
has the same effect as a dismissal where ‘[a] stay in favor of another action,
results in the action in Delaware being put on hold until the resolution of the
action in another jurisdiction, at which point the principles of res
judicata would likely apply [to bar the further prosecution of the Delaware
action].’”  Id. (quoting In re Citigroup, Inc., S’holder Derivative
Litig., 964 A.2d at 117–18 n.16).  The Delaware court held that, “[a]s a
matter of Texas Civil Procedure, the Texas action would likely resolve all
disputes between the parties.  Principles of res judicata would then
likely prevent this Court from rehearing the same issues already decided in
Texas, and the Delaware action ultimately would be dismissed.  Therefore, in
this case, a stay would have the same effect.”  Id. at *3 (emphasis in
original).  Admittedly, under this interpretation of Delaware law, it is
difficult to imagine a situation where a stay would not have the same effect as
a dismissal.  





[5]
ConocoPhillips conceded in the Delaware court that it could not meet the
“overwhelming hardship” standard.  BP Oil Supply Co., 2010 WL 702782, at
*3.  





[6]
ConocoPhillips conceded at oral argument that it is not seeking damages.





[7] In Space
Master, the court held that a party should not be allowed to use
declaratory relief as a forum-shopping device where the same parties and
issues, i.e., breach-of-contract actions for money damages, were pending in New
Jersey state court and Massachusetts federal court, and where the declaratory-judgment
action alleged contracts should not be enforced because of usurious interest
rates.  794 S.W.2d at 948.





[8] We
recognize that BP would shed no tears at this result.